548 So.2d 778 (1989)
William KETION, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2510.
District Court of Appeal of Florida, First District.
September 1, 1989.
*779 William Ketion, appellant, pro se.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Acting Director of Criminal Appeals, for appellee.

ON APPELLANT'S MOTION FOR SANCTIONS
PER CURIAM.
Ketion seeks review of an order of the circuit court that denied his petition for writ of habeas corpus. By a previous motion he asked that the pleadings he filed in the lower tribunal be construed by the court as his initial brief, stating his claims for relief. We denied the motion and entered an order requiring that he serve an initial brief that conformed to the requirements of Rule 9.210, Florida Rules of Appellate Procedure. He complied with that order and served a brief and, when the time for service of the answer brief passed without service of the brief or a motion for extension of time, he moved this court for the imposition of sanctions against appellee. We deny the motion but because of apparent misunderstandings on the part of both appellant and appellee, we do so by published opinion and take this opportunity to clarify some of the procedures applicable to proceedings of this type.
In its response to appellant's motion for sanctions, appellee state contends that no briefs are required in appellate proceedings governed by Rule 9.140(g).[1] Ketion correctly replies that this court has ordered briefing by its order on his earlier motion.
It is the policy of this court to strictly construe 9.140(g), Florida Rules of Appellate Procedure, which dispenses with briefing in appeals from orders in proceedings brought under Rule 3.850. That is, unless the proceeding in the lower tribunal is clearly one governed by Rule 3.850, Florida Rules of Criminal Procedure, appellant will be required to timely serve an initial brief that complies with the applicable rules and which attempts to argue the commission of reversible error below.[2] The actual proceedings, not representations in a notice of appeal, will control the procedures employed in this forum. In the instant case we find that the relief sought in the circuit court was by petition for writ of habeas corpus and thus Rule 9.140(g) is inapplicable here.[3]
This court is cognizant, however, of the demands placed on the Attorney General's Office in preparing briefs in direct criminal appeals. We are also aware that appeals from denial of collateral relief from judgments in criminal cases often do not present issues requiring a response from the state.[4] We therefore have adopted a policy, albeit unpublished, of permitting the state to waive its right to serve a timely *780 answer brief in such cases. When the case is examined by the panel assigned to determine the merits of the cause, an answer brief may be ordered if deemed necessary or appropriate. Thus, in cases such as the present appeal from denial of a petition for writ of habeas corpus, appellant must serve an initial brief but no answer brief will be required unless so ordered.[5] Appellant's motion for sanctions is therefore denied.
Finally, we correct appellee's interpretation of Rule 9.140(g) as argued in the response to the motion. Appellee contends that the rule prohibits service of briefs in appeals from summary denial of Rule 3.850 motions except upon leave of court.[6] We do not believe the plain language of the rule supports this construction and instead we hold that an initial brief may be served at the option of the appellant in those cases. Should an initial brief be served, no answer brief is required unless so ordered, as discussed above.
Motion denied.
BOOTH, JOANOS and MINER, JJ., concur.
NOTES
[1] The notice of appeal states that review is sought of "a habeas corpus petition and or a Fla.R.Crim.Proc. Rule 3.850 motion... . This appeal is being placed pursurant [sic] to to Fla. R.App.Proc. Rule 9.140(g)."
[2] The need for an initial brief in cases involving summary denial of motions for post-conviction relief is minimized by the requirements of Rule 3.850 concerning the information and arguments that must be provided to the trial court, see also Fla.R.Crim.P. 3.987 (model form for Rule 3.850 motions). Failure to comply with the requirements of the rule may result in denial of relief on procedural grounds, White v. State, 511 So.2d 984 (Fla. 1987); Rowe v. State, 474 So.2d 898 (Fla. 1st DCA 1985). Of course, many of these procedural requirements are not applicable to other collateral proceedings such as petitions for writ of habeas corpus.
[3] The court is aware that habeas corpus and other extraordinary writs are being increasingly employed by prisoners attempting to avoid the time limitations of Rule 3.850. That the trial court may recognize this and state in its order that the prisoner's claims were cognizable only pursuant to that rule does not convert the proceeding below into one pursuant to Rule 3.850, and so an initial brief will be required from appellant in such instances.
[4] An initial brief is also required to be filed by any party seeking review of a trial court order on a motion for relief pursuant to Rule 3.800, Florida Rules of Criminal Procedure, Dowling v. State, 545 So.2d 521 (Fla. 5th DCA 1989).
[5] Complete briefing is appropriate where a motion for post-conviction relief is disposed of after an evidentiary hearing.
[6] If, on review of an initial brief in one of the above described collateral proceedings, the state determines an answer brief is called for, it may serve one on its own initiative without leave of court.