736 So.2d 89 (1999)
Francisco GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3979.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
Michael D. Gelety, Ft. Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Francisco Garcia, was tried by jury, convicted of shooting into an occupied dwelling and second degree murder, and sentenced to concurrent sentences of 15 years and 22 years imprisonment. On direct appeal, this court affirmed. See Garcia v. State, 694 So.2d 815 (Fla. 4th DCA 1997). Garcia filed a timely 3.850 motion which was summarily denied by the trial court. In this appeal from that order, we affirm as to all claims raised in the motion except for Garcia's first claim, alleging that trial counsel failed to properly inform him as to the consequences of pleading guilty and improperly induced him not to accept the State's plea offer.
Prior to trial, the State made an offer to Garcia to end the case with a plea to a lesser included offense of manslaughter and a sentence of five and a half (5½) years in prison. While Garcia admits that his attorney relayed this offer, Garcia claims that counsel waited until the last minute to convey the offer, failed to discuss with Garcia the details and the strength of the State's case, urged Garcia not to take the deal because he would succeed at trial, erroneously advised Garcia that he would get one-third knocked off any sentence he did receive, and failed to advise Garcia that he was subject to a three-year minimum mandatory for use of a firearm. Garcia further alleges that, had he been properly advised, he would have taken the deal offered by the State and would have served far less time in prison (5½ years instead of 22 years).
Garcia has stated a claim for relief pursuant to Florida Rule of Criminal Procedure 3.850. See Cottle v. State, 24 Fla. L. Weekly S166, 733 So.2d 963 (Fla.1999)(finding that to be entitled to relief on a claim that a defendant was unable to make an informed decision whether to plea bargain due to counsel's neglect, the defendant must prove that had *90 he been correctly advised he would have accepted the plea offer and that his acceptance of the plea would have resulted in a lesser sentence); Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA)(holding that to be entitled to relief, defendant must allege and prove that his attorney failed to communicate a plea offer or misinformed defendant concerning the penalty he faced), rev. denied, 700 So.2d 685 (Fla.1997).
While the Florida Supreme Court, in Cottle, discussed the elements that a 3.850 movant must prove when he alleges that counsel failed to correctly convey a plea offer, the opinion did not discuss the appropriate remedy. Since Garcia has not yet established counsel's ineffectiveness, we too have no occasion to address the parameters of the remedy that Garcia might be due based on the facts in his case. Since our supreme court, in Cottle, has so recently acknowledged that a proper claim may be stated under these circumstances, if appellant does prove that he is entitled to relief, we will leave it to the trial court to fashion a remedy that "is tailored to the injury suffered and [does] not unnecessarily infringe on competing interests." United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).
Accordingly, we affirm in part, reverse in part, and remand for attachment of portions of the record conclusively establishing that appellant is not entitled to relief or for an evidentiary hearing concerning the first claim raised in the 3.850 motion.
KLEIN, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
Although I agree with the result based on precedent, I note that no Florida decision has addressed a significant issue in this type of post-conviction relief case, where a defendant claims that his lawyer either misadvised or did not tell him about a plea offer, which the defendant would have accepted instead of going to trial, whereupon he was convicted and sentenced to a term less favorable than the terms of the plea offer. See Rosa v. State, 712 So.2d 414, 415 n. 1 (Fla. 4th DCA 1998). That issue is the proper remedy when a defendant proves this type of ineffective assistance of counsel.
The recent opinion in Cottle v. State, 24 Fla. L. Weekly S166, S167, 733 So.2d 963 (Fla.1999), cites two cases, In re Alvernaz, 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747 (1992), and People v. Curry, 178 Ill.2d 509, 227 Ill.Dec. 395, 687 N.E.2d 877, 882 (1997), in support of the proposition "that where counsel failed to disclose a plea offer, the claim is not legally insufficient merely because the claimant subsequently received a fair trial." Aligning itself with the California precedent, our supreme court has rejected the argument contained in the California intermediate appellate court's opinion, which was superseded by Alvernaz. As summarized by the California Supreme Court:
[t]he [California] appellate court ... concluded ... that because petitioner had received a fair trial, he had not as a matter of law been prejudiced by his counsel's incompetence, and reversal therefore was not required. The court reasoned that the purpose of the constitutional guarantee of effective assistance of counsel is to preserve basic trial rights; by electing to proceed to trial and receiving the benefit of a fair trial, petitioner was not denied any rights to which he was constitutionally entitled.
8 Cal.Rptr.2d 713, 830 P.2d at 752.
Assuming that post-conviction relief is justified in a case like this, the next step in the process is the determination of the proper remedy in a Cottle situation. In California, the remedy is to remand the case to the trial court, where
the district attorney shall submit the previously offered plea bargain to the trial court for its approval, unless the *91 district attorney within 30 days elects to retry the defendant and resume the plea negotiation process. If the plea bargain is submitted to and approved by the trial court, the judgment shall be modified consistent with the terms of the plea bargain.
Id. at 760. In Illinois, the remedy is to remand the case for a new trial, which "may include the resumption of the plea bargaining process." Curry, 227 Ill.Dec. 395, 687 N.E.2d at 890.
This apparent development of the law concerns me. It hardly seems fair to reverse a conviction for a new trial where there is no claim that defense counsel's behavior compromised the trial. One of the state's primary motivations for making a plea offer is to avoid the expense, difficulty, and risk of trial. The California and Illinois remedy punishes the prosecution, and indirectly, victims of crime, for the conduct of the lawyer aligned with a defendant. The analysis of the California appellate court in Alvernaz better comports with a basic sense of fairness and with constitutional values.
It has been suggested that in an "ideal world" there would be no plea bargains, only trials complete with all the constitutional guarantees. See Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Plea bargaining has been recognized as an integral component of the criminal justice system, primarily on the grounds of expediency. So long as a guilty plea is not improperly induced, what happens in plea negotiations is "without constitutional significance." Mabry v. Johnson, 467 U.S. 504, 507, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).
Many of the cases finding a lawyer's conduct deficient involved the entry of pleas by which defendants gave up the right to a trial. It makes no constitutional sense to apply these cases to the situation where the lawyer's error led to a fair trial. My reading of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is that it was primarily concerned with the conduct of counsel at trial, the most important aspect of the criminal justice system contained in the constitution.
Reading Strickland and Mabry together, I conclude that a defendant whose guilt is determined after a fair trial conducted with all of the guarantees of the constitution, has not suffered a constitutional deprivation, even where his lawyer's conduct prevented him from negotiating or accepting a better deal. Rather, his guilt has been established in the manner envisioned by the drafters of the constitution. To grant a new trial in this situation is to elevate the constitutional importance of the plea bargaining process, the "necessary evil," over that of the trial itself, which is at the heart of the Sixth Amendment.
I recognize that Cottle is taking Florida down a different road, and for that reason I reluctantly concur.