PER CURIAM.
Appellant, Raymond Thomas, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm all but one of the five issues without further comment, but reverse and remand on issue four, which alleged that his trial attorney was ineffective for failing to present him with the option of accepting the state’s plea offer of 42 months in prison and no fine. Thomas represents he would have accepted the offer if his lawyer had consulted with him about it, but that counsel instead unilaterally rejected the offer, and did not inform Thomas of his decision until they were on the steps of the courthouse the day of trial. Thomas proceeded to' trial, was found guilty by a jury of trafficking in cocaine, and was sentenced to five years in prison.
Our standard of review in determining the correctness of a trial court’s summary denial of a 3.850 motion is that we must defer to a trial court’s factual findings if they are supported by competent, substantial evidence, but we otherwise review de novo the court’s conclusions as to the Strickland[1] prongs of counsel’s deficient performance and whether such performance prejudiced the defendant. Bruno v. State, 807 So.2d 55 (Fla.2001).
In applying the de novo standard to the trial court’s conclusion that counsel’s performance was not deficient in denying Thomas the choice whether to accept the plea offer, we note that the trial court observed that counsel did tell Thomas about the offer the day of trial. The court concluded that because Thomas relied on his attorney’s advice to proceed to trial, rather than contact the prosecutor about the prior offer, such tactical advice by counsel cannot provide a basis for finding ineffective assistance under Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997). We disagree. In Gonzales, counsel advised the defendant about a plea offer when the offer was made; whereas Thomas alleges that his lawyer so informed him as they were going into trial regarding an offer that counsel had already refused some time earlier. Surely, to “convey an offer” to one’s client cannot be reasonably understood to mean the communication of an offer the lawyer has already rejected, but instead means the timely provision of such offer to the client in order to enable the client to share in the decision whether to accept it. The trial court’s ruling implies that Thomas should have gone behind counsel and initiated a communication with the prosecutor just as his trial was getting underway. An evidentiary hearing might show this to be an unrealistic expectation.
A defendant states a colorable claim for relief by alleging: (1) counsel failed to relay a plea offer, (2) defendant would have accepted the offer but for the inadequate notice, and (3) defendant would have received a lesser sentence upon acceptance of the offer. See Cottle v. State, 733 So.2d 963 (Fla.1999) (noting that federal and state courts have repeatedly held that failure to convey a plea offer constitutes deficient performance by counsel); Majors v. State, 645 So.2d 1110 (Fla. 1st DCA 1994). Thomas has established such a claim, and is entitled to an evidentiary hearing on this issue, unless the trial court is able to provide portions of the record that refute the claim. See, e.g., Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999) (finding that Garcia stated a facially sufficient claim for ineffective assistance where counsel relayed the plea offer to him, but claimed that counsel waited until the last minute, did not discuss the details and strength of the state’s case, urged Garcia not to accept the offer because he would prevail at trial, erroneously advised Garcia *709 about how much time he would serve, and failed to advise Garcia that he was subject to a three-year minimum mandatory).
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
ERVIN, BENTON and POLSTON, JJ., concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).