SHARP, W., J.
Hoffman appeals from a denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Hoffman argues the trial court erred in rejecting his claim that ineffective assistance of counsel caused him to turn down a plea offer from the state. We disagree and affirm.
Hoffman was charged with second degree murder for the shooting death of Marcus Dallaire. On the morning of trial, the state offered to let Hoffman plead to manslaughter and a nine-year sentence. Hoffman rejected the offer and proceeded to trial.
Hoffman testified on his own behalf that Dallaire lunged at him in a drunken rage and he shot him in self-defense. Hoffman admitted he was familiar with weapons (he had been in the Navy) and that when he was a medic, he shot a person in defense of another.
On cross-examination, the prosecutor asked Hoffman whether he ever shot a gun out a car window. Hoffman’s attorney objected on the basis that the state was trying to introduce evidence of prior bad acts. The objection was overruled. Hoffman then denied he ever shot a gun out a car window.
To rebut Hoffman’s denial, the state called William Groth. The defense again objected and was overruled. Groth testi.fied that when he was a passenger in a car being driven by Hoffman, Hoffman shot a gun out the car window.
The other witnesses to the shooting testified they were not afraid of Dallaire, that Dallaire was not armed and that Dallaire did not lunge at Hoffman. The state also had a tape of the 911 call Hoffman made while holding Dallaire at gunpoint. One of the witnesses can be heard on the tape saying “You didn’t have to shoot him.”
Hoffman was found guilty of second degree murder and sentenced to eighteen years, four months in prison. His conviction and sentence were affirmed. Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998).
Hoffman then filed this motion for post-conviction relief, claiming ineffective assistance of counsel. Hoffman alleged that his defense counsel failed to properly investigate and advise him of the prejudicial impact of Groth’s testimony and had he been properly advised, he would have accepted the state’s nine year plea offer. The court ordered an evidentiary hearing on Hoffman’s ineffective assistance claim.[1]
*1048 At the hearing, Hoffman testified he asked his counsel whether he should accept the state’s plea offer. Defense counsel said he could not advise Hoffman whether or not he should accept it. Hoffman then asked what kind of case they had. Defense counsel replied “a damn good self-defense case.”
Hoffman did not recall discussing Groth’s testimony with his attorney and did not know that Groth was going to testify against him. Had he known Groth was going to testify, Hoffman “probably would have worked on a plea bargain.”
Defense counsel testified there were various plea negotiations with the state on. the morning of the trial, but Hoffman rejected them. He denied telling Hoffman he had a “damn good self-defense claim.” In preparing for trial, counsel testified he talked to Hoffman about the witnesses on the state’s list and took the deposition of every state witness. These depositions were available to Hoffman. He said he assumed that Hoffman had read them but did not know for certain. He recalled taking Groth’s deposition and that deposition was available to Hoffman.
Defense counsel had summaries of the witnesses’ deposition testimony with him at trial and knew about Groth’s statement that Hoffman fired a gun out the car window. He said he had Hoffman’s input on that issue and believed he discussed it with Hoffman and Hoffman’s mother.
Defense counsel objected when the prosecutor asked Hoffman whether he ever fired a gun out a car window because he felt this was detrimental to Hoffman’s case. He also objected when the state called Groth to testify on rebuttal. He could not explain a portion of the trial transcript which suggested that he was unaware that Groth was going to be called as a witness. He knew about Groth and had his deposition summary with him. At the conclusion of the hearing, the court denied Hoffman’s motion for post-conviction relief.
On appeal, Hoffman argues that defense counsel clearly failed to provide effective assistance of counsel. According to Hoffman, his attorney was unprepared to deal with Groth’s testimony and failed to advise him of the potential impact of Groth’s testimony on his self-defense claim. Had his attorney done so, Hoffman now claims he would have pursued plea negotiations instead of taking his case to trial.
The failure of trial counsel to properly advise the defendant about plea offers by the state can constitute ineffective assistance of counsel. Cottle v. State, 783 So.2d 963 (Fla.1999); Eristma v. State, 766 So.2d 1095 (Fla. 2d DCA 2000); Varela v. State, 711 So.2d 1343 (Fla. 3d DCA 1998); Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996); Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992).[2]
In Young, this court noted that a defendant who elects to go to trial and receives a sentence greater than the plea offered by the state has nothing to lose by alleging he was not properly advised. Because of the incentive to bring such a post-trial claim, the defendant is held to a strict standard of proof. The defendant must prove 1) that his counsel failed to communicate or misinformed him about a plea *1049 offer, 2) that he would have accepted the plea offer had he been correctly advised, and 3) that his acceptance of the plea offer would have resulted in a lesser sentence. Cottle; Varela; Young.
Here the trial judge concluded that Hoffman would not have changed his plea even if he had known of the substance and impact of Groth’s testimony. Despite the seemingly overwhelming evidence against him, Hoffman did not accept the state’s offer to plead to manslaughter. The incident about which Groth testified is minor compared to the other evidence against him. Thus it is unlikely that Hoffman would have decided to accept the plea based on a discussion of Groth’s testimony.
In addition, Hoffman failed to testify at the hearing that he would have accepted the plea offer had his attorney discussed Groth’s testimony with him. Hoffman merely testified that he “probably” would have worked on a plea bargain.[3] Since Hoffman faded to establish one of the elements necessary to prove this type of ineffective assistance of counsel claim, i.e., that he would have accepted the plea had he been correctly advised, his request for relief was properly denied. See Varela v. State, 711 So.2d 1343 (Fla. 3d DCA 1998) (motion for post-conviction relief properly denied where defendant failed to show a miscommunicated or misunderstood plea offer; defendant simply rejected offer and gambled on being acquitted or the court being more lenient in sentencing).
AFFIRMED.
HARRIS and PLEUS, JJ., concur.

. Hoffman also claimed he was unable to assist at his trial because he was taking muscle relaxants and pain medications. The court rejected this claim after hearing testimony that Hoffman did not seem impaired and answered questions appropriately at trial. This ruling is not challenged on appeal.

. An ineffective assistance of counsel claim is a mixed question of law and fact. This standard requires an independent review of the legal question while giving deference to the trial court's factual findings. Johnston v. Moore, 789 So.2d 262 (Fla.2001); Rogers v. State, 782 So.2d 373 (Fla.), cert. denied, - U.S. -, 122 S.Ct. 195, 151 L.Ed.2d 138 (2001); Cherry v. State, 781 So.2d 1040 (Fla. 2000). cert. denied, — U.S. -, 122 S.Ct. 179, 151 L.Ed.2d 124 (2001).

. As the judge noted: "That’s interesting and informative but non-definitive. He may or may not.