844 So.2d 701 (2003)
Christopher G. TIDWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3733.
District Court of Appeal of Florida, First District.
May 1, 2003.
*702 Appellant pro se.
Charlie Crist, Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of a final order summarily denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. Because we conclude that two of the six grounds raised by appellant are facially sufficient and are not conclusively refuted by attachments to the trial court's order, we reverse as to those grounds, and remand for further proceedings. We affirm without discussion the trial court's denial of appellant's remaining four grounds.
All six of the grounds raised by appellant in his motion alleged ineffective assistance of trial counsel. In the first, appellant alleged that he was charged with sexual battery with force likely to cause serious injury, a life felony; that the state offered to permit him to plead to the lesser-included offense of sexual battery without the use of force likely to cause serious injury, a second-degree felony, in return for a sentence of five years in prison, followed by five years' probation; that his attorney advised him to reject the offer; that his attorney failed to tell him that the offense with which he was charged carried a maximum penalty of life imprisonment; that he would have accepted the state's offer but for counsel's misadvice; and that, following trial, he was sentenced to seven years in prison, followed by five years' probation. Such allegations are facially sufficient to state a claim for ineffective assistance of counsel. See, e.g., Cottle v. State, 733 So.2d 963, 967 (Fla.1999); Lewis v. State, 751 So.2d 715, 717 (Fla. 5th DCA 2000); Garcia v. State, 736 So.2d 89, 89-90 (Fla. 4th DCA 1999). Nothing in either the trial court's order or the attachments to it conclusively refutes this claim.
The second ground raised by appellant alleged that his attorney failed to preserve an objection to the state's improper use of peremptory challenges to remove male jurors because the attorney did not renew his objection by moving to strike the jury panel before it was sworn. "Gender-based peremptory challenges are prohibited by both the federal and state constitutions." Murray v. Haley, 833 So.2d 877, 879 (Fla. 1st DCA 2003) (citing J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 146, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), and Abshire v. State, 642 So.2d 542, 544 (Fla.1994)). Failure to preserve an issue for appellate review may be sufficient to constitute ineffective assistance of counsel, provided that the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are met. See, e.g., Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998); Overton v. State, 531 So.2d 1382 (Fla. 1st DCA 1988); Martin v. State, 501 So.2d 1313 (Fla. 1st DCA 1986). Appellant's allegations are facially sufficient. The trial court's summary denial was based on the fact that the issue of improper removal of male prospective jurors had been raised on direct appeal to this court, and we affirmed. Our affirmance was without an opinion. As at least one other court has noted in similar circumstances, a per curiam affirmance *703 without opinion on direct appeal "does not establish whether the specific issue was or was not preserved for appeal." Daniels v. State, 806 So.2d 563, 564 (Fla. 4th DCA 2002). In such a case, a per curiam affirmance might just as well have been based on the conclusion that the issue was not preserved, as on the conclusion that the issue, though properly preserved, lacked merit.
Because the first and second grounds raised by appellant in his motion are facially sufficient and are not conclusively refuted by either the trial court's order or the attachments to it, we reverse as to those claims, and remand for further proceedings. If the trial court again concludes that the record conclusively refutes those grounds, it shall attach to its order denying relief the portions of the record which support its decision. Otherwise, it shall hold a hearing. We affirm the summary denial of the other four grounds raised by appellant.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, C.J. and BROWNING, J., CONCUR.