SHARP, W., J.
Parker appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Although two of the grounds asserted to establish ineffective assistance of counsel are without merit, we find his allegation that defense counsel failed to advise him of the maximum sentence, which resulted in his rejection of a plea offer of seven years, is sufficient to require a hearing below. See Cottle v. State, 733 So.2d 963 (Fla.1999); Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992). The attachments to the order denying relief indicate Parker was aware of the maximum penalty at the time of his plea, but they do not refute his claim that he was not advised of the maximum penalty at the time he rejected the earlier *603 plea offer of seven years. See Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000).
Accordingly, we reverse the trial court’s order denying relief and remand for the court to either attach portions of the record refuting the claim that Parker was not advised of the maximum sentence at the time he rejected a favorable plea offer, or to hold an evidentiary hearing on that issue.
REVERSED and REMANDED.
SAWAYA C.J., and PALMER, J., concur.