924 So.2d 897 (2006)
Timothy Tyrone WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2306.
District Court of Appeal of Florida, First District.
March 14, 2006.
*898 Appellant, Pro Se.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
We have for review the trial court's denial of Appellant's motion for postconviction relief. We affirm the summary denial of five of Appellant's claims without further discussion. We must reverse the summary denial of Appellant's claim that counsel was ineffective for failing to properly advise Appellant of the statutory maximum before he rejected the State's three-year plea offer.
Appellant admitted below that his counsel conveyed to him the State's plea offer of three years in prison. Appellant rejected this offer and was convicted at trial of sale or delivery of cocaine, a second-degree felony. Appellant was sentenced to 12 years' imprisonment, which is within the statutory maximum term of 15 years' imprisonment for this offense. §§ 775.082(3)(c); 893.13(10)(a), Fla. Stat. (2002).
Appellant asserted below that his counsel failed to inform him of the statutory maximum term of this offense. He claims that he would have accepted the State's plea offer had he known that a second-degree felony was punishable by 15 years' imprisonment.
Our prior precedent requires that we remand this claim for an evidentiary hearing. In Tidwell v. State, 844 So.2d 701 (Fla. 1st DCA 2003), we stated:
[A]ppellant alleged that he was charged with sexual battery with force likely to cause serious injury, a life felony; that the state offered to permit him to plead to the lesser-included offense of sexual battery without the use of force likely to cause serious injury, a second-degree felony, in return for a sentence of five years in prison, followed by five years' probation; that his attorney advised him to reject the offer; that his attorney failed to tell him that the offense with which he was charged carried a maximum penalty of life imprisonment; that he would have accepted the state's offer but for counsel's misadvice; and that, following trial, he was sentenced to seven years in prison, followed by five years' probation. Such allegations are facially sufficient to state a claim for ineffective assistance of counsel. See, *899 e.g., Cottle v. State, 733 So.2d 963, 967 (Fla.1999); Lewis v. State, 751 So.2d 715, 717 (Fla. 5th DCA 2000); Garcia v. State, 736 So.2d 89, 89-90 (Fla. 4th DCA 1999). Nothing in either the trial court's order or the attachments to it conclusively refutes this claim.
Id. at 702 (emphasis added).
We are not free to reconsider or reject our prior decision in Tidwell. In addition, we have determined that an en banc consideration of Tidwell would not be a wise use of judicial resources. Even if this court were to recede from Tidwell en banc, the decision would only establish conflict with other district courts, as noted in the concurring opinion. Thus, the issue would be resolved by the Florida Supreme Court regardless of any en banc consideration. We do agree with the concurring opinion, however, that this case raises a question of great public importance.
We reverse the trial court's denial of Appellant's claim that counsel was ineffective for failing to properly advise Appellant of the statutory maximum sentence before he rejected the State's plea offer, and we remand for an evidentiary hearing. We also certify the following question of great public importance to the Florida Supreme Court:
DOES A CRIMINAL DEFENDANT WHO REJECTS A PLEA OFFER AND IS CONVICTED AT TRIAL STATE A CLAIM FOR POSTCONVICTION RELIEF UNDER STRICKLAND V. WASHINGTON, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), BY ALLEGING THAT DEFENSE COUNSEL FAILED TO INFORM THE DEFENDANT OF THE STATUTORY MAXIMUM PENALTY FOR THE CHARGED OFFENSE PRIOR TO THE DEFENDANT'S REJECTION OF THE PLEA OFFER?
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, C.J., and PADOVANO, J., concur; THOMAS, J. concurs with written opinion.
THOMAS, J., concurs.
I agree with the majority that this case raises a question of great public importance, but write to address the issue raised here.

Context of Ineffectiveness Claim
Appellant's claim is based on one specific allegation: that his counsel never informed him of the penalty he faced if he rejected the plea offer. Appellant does not allege that his counsel conveyed any incorrect information regarding the plea. Appellant alleges only that if counsel had informed him of the statutory maximum and given him assistance regarding the desirability of accepting the three-year plea, he would have accepted the plea under the "totality of the circumstances."
Appellant fails to otherwise define the "totality of the circumstances" of his claim that somehow counsel was ineffective in conveying the State's plea offer. Appellant does not assert that counsel improperly rejected a plea offer without consulting him, nor does he allege that counsel conveyed the offer at the last minute before trial. Cf. Thomas v. State, 811 So.2d 707 (Fla. 1st DCA 2002) (holding that a postconviction motion alleging that counsel rejected offer and informed defendant on eve of trial stated a facially sufficient claim). Additionally, Appellant made no allegations here that counsel failed to discuss the State's case, or that counsel erroneously advised Appellant that he would qualify for early release. Cf. Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999).

*900 Analysis

If this were an issue of first impression, I would find that an assertion that counsel failed to inform a defendant of his statutory maximum sentence when conveying a plea offer is a facially insufficient claim of ineffective assistance of counsel. All persons are presumed to know the law, including the criminal laws and the penalties provided for violation of those laws. See U.S. v. Hodson, 77 U.S. (10 Wall.) 395, 409, 19 L.Ed. 937 (1870). No person can raise a defense of ignorance of the law. Am. Home Assurance Co. v. Plaza Materials Corp., 908 So.2d 360, 375 (Fla.2005). A person cannot state a legal claim of ineffective assistance of counsel based solely on a claimed ignorance of the penalties provided by law. To require an evidentiary hearing in such cases would mean that courts must indulge the opposite principle: that everyone is presumed not to know the law, even the laws which the defendant allegedly violated.
Appellant asserts that he never knew the maximum penalty for his charged offense, nor did he ask his counsel for that information. I would not indulge a presumption that a defendant is ignorant of the law which imposes the penalty for the crime he allegedly committed. I recognize that a person must be informed of the statutory maximum penalty before waiving his right to trial and entering a guilty plea. See, e.g., State v. Ginebra, 511 So.2d 960, 961 n. 5 (Fla.1987) (citing rule 3.172(c) which requires a trial court to ensure that a defendant understands the maximum possible penalty provided by law). I cannot equate pleading guilty with the act of exercising the constitutional right to a jury trial. Where a defendant enters a plea, he is subjecting himself to the maximum penalty provided by law and giving up his right to require the State to prove his guilt beyond a reasonable doubt. When a defendant rejects a plea offer and proceeds to trial, he may or may not be sentenced to any penalty provided by law, depending on the trial outcome. I do not believe the same requirement can or should apply to these very different proceedings, assuming Appellant was not informed of the statutory maximum term.
I note that Appellant's assertion is inherently incredible. Although counsel might inform a client of an incorrect exposure at trial, a lawyer could not rationally convey a plea offer without informing a client of the potential maximum penalty. A plea offer makes no intelligible sense whatsoever except when compared to some exposure. To require an evidentiary hearing on such a transparently incredible claim that counsel never discussed Appellant's potential exposure is a waste of both judicial and executive branch resources, without any justification.
Absent affirmative misadvice by counsel, where counsel conveys a plea offer to a defendant, I would hold that an allegation that a person did not know the possible penalties faced at trial does not state a facially valid postconviction claim, were it not for our prior decision in Tidwell. I would also decline to follow the decisions in other courts that reach a contrary result. See, e.g., Kleppinger v. State, 884 So.2d 146 (Fla. 2d DCA 2004) (holding that the allegation that trial counsel failed to advise defendant of possible sentences stated a prima facie claim for ineffective assistance of counsel); Parker v. State, 853 So.2d 602 (Fla. 5th DCA 2003).
In my view, our decision in Tidwell, and the holdings in Kleppinger and Parker, are not required by the Florida Supreme Court's holding in Cottle v. State, 733 So.2d 963 (Fla.1999), and I find that these cases improperly extend Cottle. In Cottle, the appellant asserted that his trial counsel failed to convey the State's plea offer. Id. *901 at 964. The supreme court held that to establish a claim of ineffective assistance based on an alleged failure to advise a criminal defendant regarding a plea offer, a defendant must allege that "(1) counsel failed to communicate a plea offer or misinformed [the] defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence." Id. at 967 (citations omitted) (emphasis added).
I believe that additional practical problems may occur when courts require an evidentiary hearing based on allegations that a defendant is not informed of the "possible penalties" that may be imposed when he rejects a plea offer. It is well established that a trial court must provide such information before accepting a plea. Fla. R.Crim. P. 3.172(c). However, there is no such requirement where a defendant does not receive a plea offer or rejects a plea offer and proceeds to trial. In many cases, a trial court does not know whether the defendant has received a plea offer. I believe that the logic of Tidwell will lead to an inevitable practice of a trial court conducting a pretrial colloquy to ensure that the record refutes a claim that a defendant was not aware of the statutory maximum. Such a practice would be fraught with difficulty because a defendant could misinterpret the pretrial colloquy as an implied warning for exercising his constitutional rights.
The practical impact of Tidwell, Kleppinger, and Parker is to essentially establish the right to an evidentiary hearing in almost every postconviction motion where a defendant received a plea offer, rejected the offer, and later claimed he was not informed of the "possible sentences." Such a result would further frustrate finality in criminal cases and ill serves the rule of law. In addition, it is inappropriate to require evidentiary hearings where a party is unlikely to prevail.

Appellant's Assertion Fails to State a Claim
I would hold that Appellant's claim of ineffective assistance of counsel failed to meet his burden under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Arbelaez v. State, 898 So.2d 25, 31 (Fla.2005), the Florida Supreme Court stated:
[T]o establish a claim of ineffective assistance of trial counsel, a defendant must prove two elements: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
I would find that Appellant's claim cannot demonstrate "deficient performance" because Appellant is presumed to know that Florida law imposed a 15-year maximum penalty for the crime of sale of cocaine. Appellant's counsel cannot be "deficient" for failing to inform Appellant what he is presumed to know. Thus, if not for our prior decision in Tidwell, I would find that Appellant failed to state a facially sufficient claim under Strickland. Cf. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999) (holding that an evidentiary hearing was not required on a defendant's claim that counsel misadvised him that his out-of-state conviction could not be used to enhance his sentence when the law on the issue was uncertain at the time counsel rendered his advice).
*902 In addition, I question whether Appellant can demonstrate prejudice for his counsel's alleged ineffectiveness. Assuming deficient performance is established, I believe it is highly likely that Appellant will simply offer his own self-serving testimony that he "would have" accepted the three-year plea offer had he known he was facing a maximum penalty of 15 years. In my view, such evidence can never demonstrate a "reasonable probability" that Appellant would have in fact accepted the plea offer. See Diaz v. U.S., 930 F.2d 832, 835 (11th Cir.1991) ("Given appellant's awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer.")
In Diaz, the Court noted that the defendant failed to allege that he would have accepted the plea "but for" counsel's errors. Although Appellant makes such an allegation here, I believe it remains insufficient to state a claim. Remanding this matter for a hearing will be a waste of judicial and executive branch resources if all Appellant can state under oath is that, but for his counsel's purported negligence, he would have accepted the plea offer. In my view, such testimony alone, without any objective testimony demonstrating that Appellant desired to accept a plea offer, cannot establish a "reasonable probability" that Appellant was prejudiced by the alleged ineffectiveness. See State v. Moses, 682 So.2d 595 (Fla. 3d DCA 1996) (holding that defendant's self-serving assertion after trial, conviction, and sentence, that with competent advice from counsel he would have accepted plea offer is insufficient to meet burden of demonstrating prejudice); Johnson v. Duckworth, 793 F.2d 898, 902 n. 3 (7th Cir.1986). This evidence is certainly insufficient if the trial court finds that Appellant's counsel credibly testifies that he or she did inform Appellant that a second-degree felony in Florida is punishable by 15 years in state prison, or even a significant prison exposure, without specifying the exact term. See Goudie v. U.S., 323 F.Supp.2d 1320 (S.D.Fla.2004). Without a finding of deficient performance by counsel, of course, the trial court need not determine whether prejudice occurred.

Appellant's Burden of Persuasion At Hearing
As noted by the Fifth District, defendants who reject plea offers and receive greater sentences at trial have every incentive to allege ineffective assistance of counsel. Hoffman v. State, 827 So.2d 1046, 1049 (Fla. 5th DCA 2002). Moreover, a defendant "must prove 1) that his counsel failed to communicate or misinformed him about a plea offer, 2) that he would have accepted the plea offer had he been correctly advised, and 3) that his acceptance of the plea offer would have resulted in a lesser sentence." Id. (citations omitted). Appellant must prove these elements at the hearing, within the context of the court's requirement to give strong deference to counsel's strategic choices and performance under Strickland.
If deficient performance is found, it is Appellant's burden to show that he would have accepted the plea offer but for counsel's alleged deficient performance. In Ward v. Crosby, 2005 WL 3113214 (M.D.Fla. Nov. 21, 2005), the court noted that even if the habeas petitioner had not been informed of the potential maximum penalties he faced at trial, which included enhanced penalties, he had not shown any evidence that he would have accepted the State's plea offer. Quite the contrary, the petitioner had repeatedly proclaimed his innocence and denied culpability. In my view, Appellant cannot demonstrate prejudice *903 by a simple self-serving assertion in hindsight that he "would have accepted the plea offer." Here, Appellant has not cited any evidence which would support a finding that he can prevail at an evidentiary hearing. I do not believe we should require a hearing without requiring that Appellant cite some objective evidence that he can prevail. Although the state court had conducted a hearing in Ward, it is clear that Appellant's self-serving assertion cannot establish a sufficient claim.
Appellant does not allege that his counsel erroneously described the maximum penalty; Appellant asserts that there was no discussion of the maximum penalty. Cf. U.S. v. Gordon, 156 F.3d 376 (2nd Cir.1998) (holding that counsel incorrectly informed defendant that he faced 120 months' imprisonment as maximum penalty rather than correctly noting potential penalty range of 262-327 months' imprisonment). Thus, absent erroneous advice by counsel, I do not believe Appellant can establish prejudice.

Remedy Implicates Separation of Powers Requirement in Florida Constitution
The United States Supreme Court has recognized that where a claim of ineffectiveness is found, the remedy "should be tailored to the injury suffered and from the constitutional violation and should not unnecessarily infringe on competing interests, [which include] society's interest in the administration of criminal justice." U.S. v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), cited by U.S. v. Gordon, 156 F.3d 376, 381 (2d Cir.1998) (emphasis added). Article II, Section 3 of the Florida Constitution does not authorize the courts to direct the state attorney in its discretionary power. See generally State v. Cotton, 769 So.2d 345, 349-55 (Fla.2000). Certainly the trial court does not have the authority itself to convey the State's plea offer to Appellant. See State v. Bloom, 497 So.2d 2 (Fla.1986) (holding that Article II, Section 3 of the Florida Constitution prohibits the judiciary from interfering with prosecutorial discretion whether to seek death penalty). It is difficult to conceive how a remedy that violates the Florida Constitution does not "unnecessarily infringe on competing interests."
Under our holding, Appellant is not entitled to a new trial; he can only seek to receive the benefit of a plea offer that he purportedly rejected due to his counsel's ineffective assistance. See U.S. v. White, 371 F.Supp.2d 378, 384-85 (W.D.N.Y.2005) (holding that court found ineffective assistance for failure to inform defendant of consecutive mandatory penalty of 25 years, but remedy could not be new trial, because the ineffective assistance "did not occur at trial but . . . during pretrial negotiations" and thus, court found "no reason to give [defendant] a second opportunity to convince another jury that he should be acquitted.").
Other courts have held that the proper remedy is to allow the State to reconvey its original plea offer, or if the State determines that circumstances justify an increased plea offer, that is permissible if the court finds no evidence of prosecutorial vindictiveness. See Magana v. Hofbauer, 263 F.3d 542 (6th Cir.2001). If Appellant prevails, the proper remedy must comport with Article II, Section 3 of the Florida Constitution, unless the federal constitution mandates otherwise.

Conclusion
As noted above, expanding judicial precedent allows defendants to reject plea offers and hope for success at trial, only to require further judicial proceedings based on a single claim that a defendant was not aware of his potential exposure. It is therefore imperative that these claims be carefully scrutinized. Because we are not *904 free to reject this court's prior decision in Tidwell, however, I concur in the majority opinion.