PER CURIAM.
 

 The appellant filed a rule 3.850 motion raising three claims of ineffective assistance of trial counsel. We affirm the trial court’s summary denial of claims one and three but reverse and remand claim two for either attachments of record documents conclusively refuting the claim or for an evidentiary hearing.
 

 In claim two the appellant argues that counsel was ineffective for failing to properly object to and preserve for his direct appeal the ground that the trial court committed reversible error by permitting Department of Children and Families Investigator Reynolds to testify that the appellant’s wife spoke to the child-victim with the intention to influence the child’s statements to the investigator. The record indicates that during the testimony counsel objected several times on various grounds including speculation and improper characterization of the content of the appellant’s wife’s statements. Investigator Reynolds stated during this testimony that the appellant’s wife had spoken with the child-victim to encourage the child-victim to “change her story.” In response counsel again objected on grounds of improper characterization of the wife’s discussion with the victim, and the court stated, “Okay. You may proceed.” It is undisputed that the appellant raised in the direct appeal that the trial court abused its discretion by allowing this testimony, and that the state argued that the issue had not been properly preserved for appeal. This Court then issued a per cu-riam affirmance of the direct appeal.
 
 See Merkison v. State,
 
 913 So.2d 604 (Fla. 1st DCA 2005).
 

 We have determined that this issue warrants reversal.
 
 See Tidwell v. State,
 
 844 So.2d 701, 703 (Fla. 1st DCA 2003) (noting that a per curiam affirmance without an opinion in a direct appeal does not establish whether the specific issue was or was not preserved for appeal or whether it was or was not denied on the merits). As
 
 *281
 
 discussed in
 
 Tidwell,
 
 the failure to preserve an issue for appellate review may be sufficient to constitute ineffective assistance of counsel, provided that the requirements of
 
 Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are met. The trial transcript indicates that the testimony against the appellant consisted of the victim’s testimony, which at times conflicted, and Investigator Reynold’s statement that the appellant’s wife had spoken with the child-victim with the intent to encourage her to “change her story,” which lent credibility to the victim’s testimony that she had initially lied to Reynolds due to the appellant’s wife’s influence.
 

 Because the trial transcript indicates that counsel’s objection may have been insufficient to preserve the claim for the direct appeal, and that the appellant may have been prejudiced such that the outcome of the proceeding may have been different had counsel properly objected and preserved the error for direct appeal, we reverse and remand claim two for the trial court to either attach portions of the record which conclusively refute the allegation that the outcome of the case would have been different had counsel properly preserved this claim for the direct appeal, or to hold an evidentiary hearing on the claim.
 

 AFFIRMED IN PART, REVERSED AND REMANDED IN PART with directions.
 

 KAHN, BENTON, and BROWNING, JJ., concur.