LEWIS, J.
 

 Justin Pennington, Appellant, seeks review of an order denying his motion for postconviction relief after an evi-dentiary hearing. Among other things, he argues that the trial court erred in failing to find ineffective assistance of counsel where his attorney neglected to tell him the maximum sentence he could face when discussing a plea offer with him, and the State later withdrew the offer, cutting off his opportunity to accept it. For the reasons explained below, the trial court’s order is inadequate to show that the motion was properly denied.
 
 [1]
 
 Accordingly, we re-
 
 *153
 
 verse and remand for further proceedings consistent with this opinion.
 

 I. Facts and Procedural History
 

 Appellant was sentenced to community control for burglary of an occupied structure. Later, the State filed a third amended affidavit charging him with violating community control by failing to remain confined to his approved residence and by committing several new law violations: aggravated assault; possession of a firearm by convicted felon; felony fleeing or attempting to elude a law enforcement officer; possession of a controlled substance; possession of a legend drug without a prescription (four counts); resisting an officer without violence; and petit theft. After an additional amendment to the affidavit,
 
 [2]
 
 Appellant pled nolo contendere to violating community control, aggravated assault, felony fleeing or attempting to elude a law enforcement officer, possession of a controlled substance, possession of a legend drug without a prescription, and resisting an officer without violence. The trial court accepted the plea, revoked community control, and sentenced Appellant to fifteen years in prison for burglary of an occupied structure. For the remaining offenses, Appellant was sentenced to fifteen years of probation to follow his term of imprisonment. He did not appeal.
 

 Thereafter, he timely filed a motion for postconvietion relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his trial counsel rendered ineffective assistance in advising him not to accept a favorable plea offer from the State. According to Appellant’s motion and its attachments, the State offered to support concurrent sentences of five years’ imprisonment followed by two years’ probation in exchange for nolo contendere pleas as to violation of community control, aggravated assault, fleeing or attempting to elude a law enforcement officer, possession of a controlled substance, possession of new or legend drug, and resisting an officer without violence. The trial court held an evi-dentiary hearing on Appellant’s claim.
 

 Evidence submitted at the hearing confirmed that the State had made such an offer and that Appellant and his counsel had discussed the offer at arraignment. When asked whether he had ever advised Appellant of the maximum sentence he could face as a result of all the charges, counsel testified that he would have discussed “whatever was in the plea agreement.” He admitted that the proposed plea agreement did not provide the statutory maximum for the violation of community control. The plea agreement itself reveals that the State provided the five-year statutory maximum on three offenses (aggravated assault, fleeing and eluding, and possession of a controlled substance) but neglected to indicate the statutory maximum for the violation of community control, possession of a new or legend drug, and resisting an officer without arrest. Thus, the plea agreement failed to mention that the total penalty Appellant
 
 *154
 
 could face based on the statutory maximum for each of the offenses listed was thirty-one years and sixty days’ imprisonment.
 
 [3]
 

 Based on counsel’s testimony that the information he shared about the statutory maximum was “whatever was in the plea agreement,” it appears that he failed to advise Appellant that his total exposure was thirty-one years, and not just the fifteen years listed on the proposed agreement. Notably, the thirty-one-year maximum includes only the offenses the State agreed to pursue if Appellant accepted the plea offer, not the remaining offenses that are listed on the third amended affidavit but not on the plea offer. Thus, Appellant was facing a maximum sentence of
 
 at least
 
 thirty-one years’ imprisonment when presented with an offer of five years’ imprisonment followed by two years of probation.
 

 Appellant did not accept the offer at arraignment, and the State withdrew it fifteen days later. Counsel testified that Appellant was “agitated” at arraignment and did not want to accept the State’s offer. Counsel further testified that he was “going back and forth” with Appellant about it and that Appellant “got a little nervous about his attitude” as the arraignments proceeded. Counsel explained that he then told Appellant to “just wait and see what the evidence is all about.” Appellant testified that trial counsel advised him to reject the offer and that he did not discuss the statutory maximum with him until a year after arraignment. He further testified that he did not know the statutory maximum at arraignment but that he was planning to accept the offer until trial counsel advised him against it.
 

 The trial court denied Appellant’s post-conviction motion, finding that it was within the broad range of reasonably competent performance for counsel to advise Appellant not to accept the offer until he could further investigate the case. The trial court also accepted counsel’s testimony that Appellant did not want to accept the State’s offer. Further, the trial court found that Appellant had not met his burden to show “that counsel misinformed him concerning the sentence he faced.” Appellant now seeks review of the denial of his motion.
 

 II. Analysis
 

 A. Standards Governing Claims of Ineffective Assistance of Counsel
 

 A claim of ineffective assistance of counsel is a mixed question of law and fact.
 
 Stephens v. State,
 
 748 So.2d 1028, 1032 (Fla.1999). While appellate courts must give deference to trial courts factual findings, they must review trial courts application of law to facts de novo to ensure uniformity in determining what constitutes deficient performance.
 
 Id.
 
 at 1033-34. Factual findings are reviewed for competent, substantial evidence.
 
 Blanco v. State,
 
 702 So.2d 1250, 1252 (Fla.1997). Additionally, the defendant has the burden to prove a claim of ineffective assistance of counsel at an evidentiary hearing on a Rule 3.850 motion.
 
 Williams v. State,
 
 974 So.2d 405, 407 (Fla. 2d DCA 2007). Once the defendant presents evidence to support
 
 *155
 
 the claim, however, the State has a burden to present contradictory evidence.
 
 Id.
 

 To prove a claim for ineffective assistance of counsel, a defendant must show that trial counsels performance was deficient and that the deficiency was prejudicial to the defendant.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The deficiency prong requires the defendant to establish conduct on the part of counsel that is outside the broad range of competent performance under prevailing professional standards.
 
 Id.
 
 at 688, 104 S.Ct. 2052. There is a strong presumption that counsels conduct falls within the wide range of reasonable professional assistance.
 
 Id.
 
 at 689, 104 S.Ct. 2052. In determining whether an attorney’s performance was deficient, courts should make “every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.”
 
 Evans v. State,
 
 975 So.2d 1035, 1043 (Fla.2007). The prejudice prong requires the defendant to establish “a reasonable probability that, but for counsels unprofessional errors, the result of the proceeding would have been different.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052. When the defendant fails to establish either
 
 Strickland
 
 prong, it is unnecessary to consider the other.
 
 Waterhouse v. State,
 
 792 So.2d 1176, 1182 (Fla.2001).
 

 B. The Performance Prong of
 
 Strickland
 

 The specific deficiency at issue in this case is trial counsel’s failure to advise his client of the statutory maximum when discussing a plea offer. Appellant correctly notes that an attorney must advise a client of the statutory maximum before advising the client to reject or accept a plea offer.
 
 See Williams v. State,
 
 924 So.2d 897, 898 (Fla. 1st DCA 2006) (finding an ineffective assistance of counsel claim facially sufficient where the defendant alleged that counsel advised him to reject a plea offer without first advising him of the statutory maximum);
 
 Tidwell v. State,
 
 844 So.2d 701, 702 (Fla. 1st DCA 2003) (same); Fla. R.Crim. P. 3.171(c)(2) (providing that defense counsel shall advise the defendant of all plea offers and “all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant”). In at least two cases,
 
 Williams v. State,
 
 924 So.2d at 898, and
 
 Tidwell v. State,
 
 844 So.2d at 702, this Court has required an evidentiary hearing where the defendants alleged (1) that their attorneys advised them to reject plea offers without first informing them of the maximum possible sentences they faced, (2) that they would have accepted the plea offers had they been advised of the statutory maximum, and (3) that they ultimately received harsher sentences than the ones proposed in the plea offers.
 

 In
 
 Morgan v. State,
 
 991 So.2d 835 (Fla.2008), the Florida Supreme Court confirmed that ineffective assistance of counsel claims based on advice to reject a plea offer are cognizable. The
 
 Morgan
 
 court also confirmed that defendants are entitled to relief on such claims when they allege and prove three factors: “(1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) the defendant would have accepted the plea but for counsel’s failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed.”
 
 [4]
 
 991 So.2d
 
 *156
 
 at 839-40. The
 
 Morgan
 
 decision is consistent with the supreme court’s earlier recognition, in
 
 Cottle v. State,
 
 738 So.2d 963, 969 (Fla.1999), that “an inherent prejudice results from a defendant’s inability, due to counsel’s neglect, to make an informed decision whether to plea bargain.”
 
 See Morgan,
 
 991 So.2d at 839-40. This language reiterates the established principle that it is a client’s, not an attorney’s, decision to either accept or reject a plea offer.
 
 See Cottle,
 
 733 So.2d at 969.
 

 Here, the trial court found that Appellant had “not shown that counsel misinformed him concerning the sentence he faced.” This finding does not address Appellant’s argument that his counsel’s ineffective assistance was based in part on his failure to advise him of the statutory maximum. It also does not take into account the shifting of the burden of proof once a postconviction defendant presents evidence to support a Rule 3.850 claim. Appellant did not allege that counsel gave him wrong information; rather, he alleged that counsel neglected to provide information necessary to full consideration of the plea offer. Appellant presented evidence to support his claim that counsel did not inform him of the statutory maximum in the form of his own testimony, trial counsel’s testimony, and the plea form. The State’s evidence did not refute Appellant’s evidence that counsel neglected to tell him the statutory maximum for at least the violation of community control and the two misdemeanors at issue in the third amended affidavit.
 

 At the hearing, counsel explained why he did not advise Appellant to accept the offer at arraignment. However, he did not address why he failed to inform Appellant of the full statutory maximum when assisting him in making the decision of whether to accept the plea offer. This information was readily accessible to counsel and pertinent to Appellant’s decision.
 

 Our precedent requires attorneys to inform their clients of the maximum sentences they may face when advising them as to whether to reject a plea offer. Although counsel in the instant case was advising his client to leave an offer open, rather than to reject it outright, knowledge of the statutory maximum was vital to an informed decision as to whether to accept the offer or leave it open, thus risking its withdrawal. Because Appellant’s evidence that counsel did not inform him of the statutory maximum for violating his community control sentence was unre-futed, we must reject the trial court’s finding that Appellant did not meet his burden on this issue. Because our precedent establishes that such information is vital to an informed decision regarding a plea offer, we also must reject the trial court’s conclusion that trial counsel performed reasonably when discussing the offer with Appellant.
 

 Our conclusion that counsel’s performance was deficient does not end the inquiry, however. Appellant also must establish that he was prejudiced by this deficiency.
 
 See Waterhouse v. State,
 
 792 So.2d 1176, 1182 (Fla.2001) (observing that
 
 Strickland
 
 requires a defendant to establish both prongs to prevail on a claim of ineffective assistance of counsel).
 

 C. The Prejudice Prong of
 
 Strickland
 

 As noted above, when an ineffective assistance of counsel claim arises out of a defendant’s failure to accept a plea offer, the prejudice prong requires a showing that, but for counsel’s deficient perform-
 
 *157
 
 anee, the defendant would have accepted the offer, which would have resulted in a lesser sentence than what was ultimately imposed.
 
 Morgan v. State,
 
 991 So.2d 835, 839-40 (Fla.2008). The standard of proof is a “reasonable probability.”
 
 Strickland v. Washington,
 
 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, to demonstrate prejudice under
 
 Morgan
 
 and
 
 Strickland,
 
 Appellant needed to show a reasonable probability that but for trial counsel’s failure to advise him of the statutory maximum, he would have accepted the State’s offer, which involved a lesser sentence than the one he ultimately received.
 
 See Morgan,
 
 991 So.2d at 839-40;
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052.
 

 Here, the trial court found that Appellant had not established prejudice because he told counsel at arraignment that he did not want to accept the State’s offer. While the trial court was entitled to accept counsel’s testimony that Appellant did not want to accept the offer, this testimony does not settle the issue. The key issue is whether there is a reasonable probability that Appellant would have accepted the offer had he been informed of the statutory maximum. Appellant’s desire not to accept the offer when he was inadequately informed of the risk of not accepting it is unremarkable. The trial court’s order does not specifically address whether Appellant would have left the offer open after arraignment had he been advised of the statutory maximum. Consequently, it inadequately addressed the prejudice prong.
 

 III. Conclusion
 

 We conclude that the trial court erred as a matter of law in finding counsel’s failure to inform Appellant of the statutory maximum reasonable. Further, we conclude that the trial court failed to resolve conflicts in the evidence "with respect to the legal standard governing the prejudice prong in the instant case. Accordingly, we reverse and remand for additional findings on the prejudice prong, vacation of the order appealed from, and entry of a new order consistent with this opinion.
 

 REVERSED and REMANDED with instructions.
 

 VAN NORTWICK and ROWE, JJ., concur.
 

 [1]
 

 . We have reached this decision without the benefit of argument from the State. Citing
 
 Toler v. State,
 
 493 So.2d 489 (Fla. 1st DCA 1986), the State filed a notice that it would not file an answer brief unless requested to do so. This notice was improper because
 
 Toler
 
 concerns summary denials of motions filed under Rule 3.850, not denials issued after evidentiary hearings.
 
 See
 
 493 So.2d at 491 (adopting discretionary standards for this Court’s approach to the "streamlined procedure for the handling of appeals from orders
 
 *153
 
 denying 3.850 motions
 
 without hearing
 
 " under Florida Rule of Appellate Procedure 9.140(g) (emphasis added)). Briefing is required in an appeal from a non-summary denial of a Rule 3.850 motion.
 
 Williams
 
 v.
 
 State,
 
 24 So.3d 1252, 1252 n. 1 (Fla. 1st DCA 2009);
 
 accord Ketion v. State,
 
 548 So.2d 778, 780 n. 5 (Fla. 1st DCA 1989) (noting, after excusing the State from filing an answer brief in an appeal from a denial of a petition for writ of habeas corpus, that ''[cjomplete briefing is appropriate where a motion for post-conviction relief is disposed of after an evi-dentiary hearing”).
 

 [2]
 

 . The details of the additional amendment are not relevant to this appeal because the amendment occurred after the time frame relevant to counsel's alleged ineffective assistance.
 

 [3]
 

 . Because Appellant was on community control for burglary of an occupied structure, a second-degree felony, the maximum sentence he could face for violating community control was fifteen years in prison.
 
 See
 
 §§ 921.002(1 )(g), 810.02(3)(c), 775.082(3)(c), Fla. Stat. (2004). Resisting an officer without violence is a first-degree misdemeanor punishable by up to one year of imprisonment. §§ 843.02, 775.082(4)(a), Fla. Stat. (2005). Possession of a legend drug is a second-degree misdemeanor punishable by up to sixty days of imprisonment. §§ 499.03(3), 775.082(4)(b), Fla. Stat. (2005).
 

 [4]
 

 . The third factor does not appear to be contingent on a finding that the trial court would
 
 *156
 
 have actually accepted the plea arrangement offered by the State.
 
 See Cottle v. State,
 
 733 So.2d 963, 969 (Fla.1999).