PER CURIAM.
 

 The appellant filed a motion for postcon-viction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he raises several allegations of ineffective assistance of trial counsel related to counsel’s failure to pursue at trial that at least one vindictive adult had brainwashed the child-victims into lying that the appellant had committed lewd molestation of children under the age of 12. The appellant asserts that, pursuant to
 
 Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), he has suffered prejudice because had counsel made this argument there is a reasonable probability that the court would have found the victims’ statements unreliable and would have dismissed the case against the appellant.
 

 In the order on appeal, the lower court denied the claim by finding that the defense had argued during trial that “others had gotten the child victims to lie[,]” and it concluded that the appellant had thus failed to prove that he suffered any prejudice. However, the- trial court failed to attach any record evidence to support its denial.
 

 We therefore reverse and remand for the trial court to either attach such portions of the record which conclusively refute this claim, or to hold an evidentiary hearing.
 
 See, e.g., Merkison v. State,
 
 1 So.3d 279 (Fla. 1st DCA 2009) (reversing and remanding for record attachments or an evidentiary hearing in a case involving a claim that an adult had encouraged the child-victim to lie about alleged sexual abuse).
 

 REVERSED AND REMANDED.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.