PER CURIAM.
The defendant appeals the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The defendant’s motion was denied without an evidentiary hearing. We find one ground raised by the defendant may have merit and reverse for an evidentiary hearing.
The offenses the defendant was charged with were committed before October 1, 1983, the effective date of the sentencing guidelines, but the defendant was sentenced after that date. Accordingly, the defendant was entitled to affirmatively select to be sentenced under the guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983). Pursuant to a negotiated plea, the defendant was to plead guilty and the state would recommend the sentences on the two offenses run concurrently. After pleading guilty, the defendant received two 30-year concurrent sentences.
The defendant alleges in his motion that he was denied effective assistance of counsel due to his attorney misinforming him concerning the sentencing guidelines which induced his plea and resulted in the present sentences imposed under the old system. The defendant alleges that his attorney informed him that the points that would be applied under the sentencing guidelines would result in a recommended sentence in excess of thirty years, whereas the actual recommended sentence would be fifteen years, in the point range of twelve to seventeen years.
The portions of the record attached to the trial court’s order do not refute the defendant’s allegations regarding his attorney’s advice. In fact, the trial court recognized this fact in denying relief on this asserted ground. The trial court’s order states:
Lastly, defendant complains that his lawyer ineffectively represented him by recommending that he not elect to be sentenced pursuant to the Sentencing Guidelines. Assuming for the purposes of the motion that the representations alleged were made by counsel to defendant, no basis for relief has been shown. At the time of the entry of this plea the Sentencing Guidelines had been in effect for only a short time. There had been virtually no appellate consideration of their application. Parole had been simultaneously abolished.
Counsel could not help but be acutely aware of the gross aggravating circum *121 stances surrounding the crimes committed by defendant in this case. He was faced with the state’s threat to seek aggravation of the penalty in excess of the Sentencing Guidelines.... Defendant, in alleging that his lawyer erred, is assuming that he would have been sentenced within the Sentencing Guidelines — an assumption which is not warranted based upon the facts of the case.[1] [footnotes omitted]
We reject the trial court’s reasons for denying the defendant’s motion without an evidentiary hearing, see Chapman v. State, 442 So.2d 1024, 1026 (Fla. 5th DCA 1983) (knowledge of the rules of evidence and procedure is required in order to provide effective assistance of counsel), and find that the defendant’s allegations were sufficient to require an evidentiary hearing under the criteria set forth in Knight v. State, 394 So.2d 997 (Fla.1981).[2] Lucas v. State, 461 So.2d 260 (Fla. 1st DCA 1984).
With regard to the other ground raised by the defendant in his motion, we find the trial court did not err in denying relief without a hearing.
Accordingly, the order under review is affirmed in part, reversed in part, and remanded for further proceedings.

. The trial court did not indicate what aggravating factors existed which would have permitted departure from the guideline’s recommended sentence if the defendant had elected to be sentenced under the guidelines.

. See also Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).