493 So.2d 489 (1986)
Joe TOLER, Appellant,
v.
STATE of Florida, Appellee.
No. BL-203.
District Court of Appeal of Florida, First District.
July 25, 1986.
On Motion for Rehearing September 9, 1986.
*490 Joe Toler, in pro. per.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee (on rehearing only).
NIMMONS, Judge.
This is an appeal from an order of the trial court denying the defendant's Fla.R. Crim.P. 3.850 motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing.
The defendant was sentenced after the October 1, 1983 effective date of sentencing guidelines for an offense which was committed prior to that date. His motion alleged that his decision not to be sentenced under the guidelines was based upon his attorney's erroneous advice that the guidelines scoresheet, which had been prepared and shown to him prior to sentencing, called for a sentence of 9-12 years. He also alleged that his attorney told him that he would be given the upper range of 12 years with no possibility of parole if he elected to be sentenced under the guidelines. He claimed that he decided to be sentenced under the prior law since he knew that the maximum sentence that he could receive for his offense, burglary of a dwelling, would be 15 years and that the law pertaining to parole would be applicable to an "old-law" sentence. Accordingly, he was sentenced under the old law to the maximum term of 15 years.
The defendant's motion further alleged that he later discovered that the scoresheet was erroneous by reason of improper scoring in certain material respects which he described in his motion. Absent the errors, the guidelines range, according to the defendant, would have been 3 1/2 to 4 1/2 years. He alleged he would have elected to be sentenced under the guidelines had he not been erroneously informed by his attorney regarding the scoresheet. He claims entitlement to relief on the grounds of ineffective assistance of counsel.
The portions of the record attached to the trial court's order do not refute the defendant's allegations. The defendant is entitled to an evidentiary hearing. We agree with our sister court's decision in the strikingly similar case of Brown v. State, 480 So.2d 119 (Fla. 3d DCA 1985).
Reversed and Remanded for further proceedings consistent with this opinion.
MILLS and WIGGINTON, JJ., concur.

ON MOTION FOR REHEARING
We agree with the state's contention in its motion for rehearing that our opinion's direction to the trial court to conduct an evidentiary hearing should be modified, as in Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986) (on Motion for Rehearing), so that, instead, the trial court is directed to conduct further proceedings in accordance with the provisions of Fla.R.Cr.P. 3.850, as amended in 1984.
The 1984 amendment requires that, unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court "shall order the State Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." Apparently, from the record before us, the trial court did not order the state attorney to file a responsive pleading.
The salutary purpose for the above amendment is to afford the state the opportunity to respond to the defendant's motion. Our adversary system of justice works best when both sides are heard. Moreover, although the reasons given by the trial court for summary denial of the motion may be flawed, the state, if given the opportunity to address the motion, may well be able to present matters in its answer or response demonstrating why the motion should be denied without an evidentiary hearing. Unnecessary multiple appeals may thus be avoided.
We also take this opportunity to note that this case represents another example of why it is prudent for this Court, prior to reversal on a prisoner's Rule 3.850 appeal, *491 to request a response from the Attorney General.
Fla.R.App.P. 9.140(g) governs such appeals. That Rule provides a streamlined procedure for the handling of appeals from orders denying 3.850 motions without hearing. Among other things, it provides that "no briefs or oral argument shall be required." The Rule's assumption appears to be that most such appeals can be disposed of without briefs and without participation by the state. However, the rule also provides that the appellate court "may request a response from the State before ruling." If, before issuing our opinion reversing and remanding for an evidentiary hearing, we had relied upon the expedient, afforded by the Rule, of inviting a response from the Attorney General, our attention would have undoubtedly been called to the significance of the above referred 1984 amendment to Rule 3.850 and its application to the instant case, and there would have been no need for this Court's devoting unnecessary additional time to correct its own error.
Some may suggest that if the state is really interested in these 3.850 appeals, the Attorney General ought to specifically request participation in such appeals from their inception instead of waiting until the Court has issued an unfavorable ruling. In the first place, such criticism of the state is unjustified in view of the language and apparent intent, as above noted, of Rule 9.140(g). Secondly, given the limited resources of the Attorney General's office  and, for that matter, the respective State Attorneys' offices  it would be unreasonable to expect the Attorney General or a prosecuting attorney to enter an appearance and a request to be heard upon the filing of every 3.850 appeal.
We, therefore, favor an approach in the implementation of Rule 9.140(g)  absent unusual circumstances  of requesting the Attorney General to file a response in any 3.850 appeal where it initially appears to the panel that the trial court's order should be reversed.
The state's motion for rehearing is granted to the extent that our original opinion is modified as indicated in the first paragraph of this opinion.
MILLS and WIGGINTON, JJ., concur.