JOANOS, Judge.
Appellant, James E. Phillips, appeals the order denying his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. As a basis for relief, appellant alleged that (1) because he was sentenced initially as a youthful offender, the seven-year sentence imposed by the trial court following the revocation of his probation exceeded the statutory six-year cap for a youthful offender; and (2) his resentencing was based upon an incorrectly scored guideline scoresheet. We find no merit as to the second ground, and affirm the trial court’s ruling in this regard. However, we find it necessary to reverse and remand the trial court’s ruling as to the first ground.
On August 10, 1990, appellant was convicted of two counts of armed burglary, and sentenced to concurrent five-year terms of incarceration. His motion has alleged that the five-year sentence was modified to probation in January 1991, upon appellant’s successful completion of the basic training boot camp program. The motion further alleged that appellant violated his probation by committing the offense of grand theft auto. On June 6, 1991, appellant was resentenced to seven years for violation of probation, and to a concurrent five-year term for the new offense.
The trial court found appellant’s allegations to be without merit, noting expressly that appellant’s claim of youthful offender sentencing was incorrect. As support, copies of the original judgment and sentencing documents were attached to the order denying *591 appellant’s rule 3.850 motion. They make no reference to youthful offender sentencing. However, there is nothing to explain how appellant was later sentenced to a seven-year term after first receiving a five-year sentence. Because we concluded appellant’s claims were not conclusively refuted by the portions of the record relied upon by the trial court, we requested a response from the state pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). The state filed a brief consisting of one page of legal argument.
Unfortunately, the state’s brief does nothing to clarify the youthful offender allegations raised by appellant. Rather, the state’s admission that at some point, appellant’s original five-year sentence was modified to probation lends some credence to appellant’s claim that he was sentenced initially as a youthful offender. We reach this view through reference to section 958.04(4)(e), Florida Statutes, cited in appellant’s memorandum of law. Section 958.04(4)(e), provides in pertinent part:
Upon the offender’s completion of the basic training program, the department shall submit a report to the court that describes the offender’s performance. If the offender’s performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. If the offender violates the conditions of probation, the court may revoke probation and impose any sentence which it might have originally imposed.
The sentencing guideline seoresheet attached to appellant’s rule 3.850 motion indicates that at his initial sentencing, appellant was sixteen years of age, making him a likely candidate for a youthful offender sentence.
It was within the trial court’s discretion to sentence appellant as a youthful offender. See § 958.04(1), Fla.Stat. (1989). If a court determines to sentence a defendant as a youthful offender, the criminal case must be disposed of in accordance with the sentencing alternatives enumerated in section 958.-04(2)(a)-(d). Specifically, a youthful offender may be committed to the custody of the Department of Corrections (DOC) for no more than six years. § 958.04(2)(d), Fla. Stat. (1989). Further, if an offender who is placed in a basic training program completes such program satisfactorily, the sentencing court is required to modify the original sentence and place the offender on probation. If probation is revoked, section 958.14, Florida Statutes, provides that a youthful offender cannot be committed to DOC custody “for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, ...”
It is clear that the sentencing disposition in this ease occurred in a manner consistent with the provisions of the youthful offender statute. The state has not directed our attention to any provision mandating that a youthful offender sentence be designated as such on the sentencing documents. In the absence of such authority, we conclude the copies of the original judgment and sentencing documents are insufficient to show conclusively that appellant is entitled to no relief.
Accordingly, that portion of the order denying post-conviction relief with regard to appellant’s youthful offender allegations is reversed and remanded for further proceedings pursuant to rule 3.850.
SMITH and WOLF, JJ., concur.