PER CURIAM.
This cause is before us on appeal of order entered on remand following an earlier appeal. Phillips v. State, 630 So.2d 590 (Fla. 1st DCA 1993). We reverse and remand.
Appellant filed a motion pursuant to Rule 3.850, Fla.R.Crim.P., arguing that a sentence imposed following revocation of his probation was erroneous. More particularly, appellant argued that because he was initially sentenced as a youthful offender, the sentence imposed following revocation of probation exceeded the sentence allowed by law. The lower court found the motion to be without merit, and appellant appealed. This court found that the order failed to conclusively show appellant was not sentenced as a youthful offender. • Thus, we reversed and remanded for further proceedings. Phillips, supra.
The order, including attachments, entered upon remand again fails to demonstrate whether or not appellant was initially sentenced as a youthful offender pursuant to Chapter 958, Florida Statutes. We therefore remand for an evidentiary hearing on the allegation that appellant had been given a youthful offender sentence. We remand for an evidentiary hearing with the expectation that some witness, such as a former counsel or a probation officer, can be procured who can establish once and for all the procedural history of this case.
REVERSED and REMANDED.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.