688 So.2d 979 (1997)
STATE of Florida, Appellant,
v.
Jerry Lee WESTERMAN, Appellee.
No. 96-00751.
District Court of Appeal of Florida, Second District.
February 26, 1997.
*980 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
J. Craig Delesie, Jr. of Macfarlane, Ferguson & McMullen, Tampa, for Appellee.
DAKAN, STEPHEN L., Associate Judge.
The state seeks review of the trial court's dismissal of a littering charge against Mr. Westerman. The charge was based on the allegation that he had left a partially destroyed fiberglass boat, weighing over 2000 pounds, on county property. See § 403.413(6)(c), Fla. Stat. (1995). Mr. Westerman filed a motion for production of tangible evidence, requesting that the state produce the boat. The state could not comply because it had disposed of the craft in the county landfill. Mr. Westerman then filed a motion to dismiss, asserting that the destruction of this evidence deprived him of his right to due process under the United States and the Florida Constitutions. To support this contention, he noted that section 328.07, Florida Statutes (1995), requires that all vessels have a hull identification number permanently affixed. He claimed that if he had been able to obtain this number, he could have identified the boat's true owner and inquired into who disposed of it on county property. The motion further recited that the police had not recorded the hull identification number before sending the boat to the landfill.
At the hearing on Westerman's motion, the state argued that ownership of the boat was irrelevant to the littering charge. The person who illegally dumps someone else's property is subject to the littering law, not the owner of the property. In fact, the state offered to stipulate that the boat did not belong to Mr. Westerman. The lower court, however, dismissed the charge.
The trial court erred. Dismissal of a charge is the most severe sanction a court can impose; it is to be used with the greatest caution and deliberation. State v. Smith, 342 So.2d 1094, 1095 (Fla. 2d DCA 1977). As the court in State v. Sobel, 363 So.2d 324, 326 (Fla.1978), noted, courts must consider whether the destroyed evidence was material and whether the loss of the evidence was prejudicial to the defense. In its discussion of materiality, the Sobel court quoted United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), for the proposition that "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish `materiality' in the constitutional sense." 363 So.2d at 326-327.
While the registered owner of the boat may have been able to provide information helpful to either the defense or the prosecution, his or her identity is simply not material to the littering charge. The state did not contend that Mr. Westerman owned the boat; it charged him with illegally disposing of it.
Florida courts apply a balancing approach to determine what sanction, if any, should be employed when the state loses evidence. Sobel, 363 So.2d at 326; Smith, 342 So.2d at 1095. The negligence of the state must be balanced against the potential benefit of the evidence to the defendant. Here, the real negligence was the officer's failure to note the hull identification number on his report. As previously noted, this number might have led Mr. Westerman to the boat's registered owner. The state, however, has the burden of proving that he left the boat on county property; he does not have to prove anything at trial. The officer's negligence was minimal, as was the possible benefit of the destroyed evidence to the defendant. On balance, the risk of prejudice to Mr. Westerman was slight.
Under these circumstances, we hold that dismissal of the charge was too severe a sanction for the state's negligence. We reverse and remand to the trial court to reinstate the charge.
Reversed and remanded.
CAMPBELL, A.C.J., and PARKER, J., concur.