PER CURIAM.
Dexter Anderson appeals the denial of his motion to correct illegal sentence, in which he claimed that the sentencing guidelines scoresheet prepared in connection with his 1993 sentencing upon violation of probation contained mathematical errors apparent on its face. In its response below, the state conceded that the 1993 scoresheet was incorrectly calculated, but argued that any error was harmless in light of an earlier scoresheet prepared in connection with violation of probation proceedings occurring in 1991. Appellant replied that the 1991 scoresheet also contained facially apparent errors, but the trial court denied relief, finding that any error in the 1993 scoresheet was harmless in light of the 1991 scoresheet.
This appeal was originally submitted to the court without the benefit of briefs in accordance with Florida Rule of Appellate Procedure 9.140(i). However, pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), we requested that the state file a brief addressing the claim raised in appellant’s reply below. In response, the state correctly acknowledges that the point totals listed on the 1991 scoresheet with respect to appellant’s prior record appear to be incorrect based upon the crimes listed under those categories. The state notes that it is possible that the scoresheet originally contained a second page listing additional prior offenses, and suggests that this case should therefore be remanded to determine if this is the case, or alternatively, for re-calculation of the score-sheet.
We agree that the 1991 scoresheet contained in the record, and upon which the trial court predicated its finding of harmless error, was itself incorrectly calculated. Therefore, in accordance with the state’s proper confession of error on this point, we REVERSE and REMAND for further proceedings.
MINER, ALLEN and WEBSTER, JJ., concur.