PER CURIAM.
Traymayne Bradley challenges an order denying his motion for correction of sentence. We reverse and remand for resen-tencing.
Following entry of a nolo contendere plea to burglary of a dwelling for an offense committed in 1996, Bradley was sentenced utilizing a 1995 sentencing guidelines scoresheet. Pursuant to a plea agreement, offenses for which appellant had been previously convicted were scored on the guidelines scoresheet because appellant violated the community control to which he was sentenced on these offenses. He was sentenced to 84 months, a sentence that was within the 1995 guidelines range of 59.85 months to 99.75 months.
Bradley moved for resentencing on the authority of Heggs v. State, 759 So.2d 620 (Fla.2000). Bradley’s offense fell within the window period of Heggs, and the State conceded below that Bradley must be re-sentenced pursuant to Heggs. Nevertheless, the trial court denied resentencing, finding that the 84 month sentence was within the range established under the 1994 guidelines.
We agree with the trial court that, if a sentence under the 1995 guidelines could be imposed, without a departure, under the 1994 guidelines, then re-sentencing is not required under Heggs. Id. at 627. Based on the attachments to the order on appeal and the state’s concession below, however, it would appear that, correctly calculated, Bradley’s sentence of 84 months would exceed a 1994 guidelines sentence. Certainly, the limited record does not show conclusively that the appellant is entitled to no relief. See rule 9.141(b)(2)(D), Fla. R.App. P. The appellee, in response to an order issued by this court pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), has conceded that appellant’s sentence should be vacated and remanded pursuant to rule 9.141(b)(2)(D), for reconsideration by the trial court.
Accordingly, the cause is REVERSED and REMANDED for resentencing.
ALLEN, C.J, and VAN NORTWICK and BROWNING, JJ., CONCUR.