826 So.2d 1048 (2002)
STATE of Florida, Appellant,
v.
Milton Earle THOMAS, Appellee.
No. 2D01-277.
District Court of Appeal of Florida, Second District.
August 28, 2002.
Rehearing Denied October 8, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, *1049 Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
The State contends the circuit court should not have dismissed charges against Milton Thomas after it was disclosed that a videotape of Thomas's alleged transaction with undercover agents had been misplaced. We agree and remand with instructions to reinstate the charges.
Thomas was charged with two counts of selling a substance in lieu of a controlled substance in violation of section 817.563, Florida Statutes (2000). The probable cause affidavit alleged that two undercover agents of the Lee County Sheriff's Office drove to the parking lot of the Purple Juke Bar, where Thomas purported to sell each of them $40 worth of crack cocaine. However, the "crack" he gave them appeared instead to be pieces of candle wax. With their dubious purchases in hand, the agents left the area and met with Agent Paul Trombley, who field tested the items and confirmed that they were not cocaine. The faux drug transaction had been recorded by a videotaping device mounted in the agents' car. According to the probable cause affidavit, Trombley viewed the videotape later that day and recognized Thomas as the seller. He met with the undercover agents individually to show them Thomas's photograph. Both identified him as the seller of the ersatz cocaine.
Following Thomas's arrest and subsequent arraignment, the court convened to set the case for trial. Defense counsel announced that he would be ready for trial once he saw the videotape. The prosecutor informed the court that the sheriffs department had been unable to locate the videotape, which was believed to have been mistakenly filed under a different case report number. Nonetheless, he said, he was prepared to go to trial without the videotape. The court continued the matter to allow the State an opportunity to locate the videotape. Failing that, the court said, it would dismiss the case.
At a conference two days later, defense counsel complained that he was hampered by his inability to see the videotape because it "might" clear Thomas of the charges. The prosecutor explained that the sheriff had not been able to locate the videotape and asserted that the appropriate action would be to conduct a hearing on notice after the defense filed a motion to dismiss. The court asked what issue would be joined in an evidentiary hearing that was not already before it. The prosecutor responded that he could present testimony as to how the videotape was lost. The court seemingly accepted the State's explanation that the videotape was inadvertently misplaced, but it dismissed the case and discharged Thomas.
The dismissal of a charge is the most severe sanction a court can impose for the destruction of evidence; it is to be used with the greatest caution and deliberation. State v. Westerman, 688 So.2d 979 (Fla. 2d DCA 1997). The suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material either to guilt or to punishment, regardless of the good faith or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But the loss or destruction of evidence that is only potentially useful to the defense violates due process only if the defendant can show bad faith on the part of the police or prosecution. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); King v. State, 808 So.2d 1237, 1242 (Fla.), cert. denied, ___ U.S. ___, 122 S.Ct. 2670, 153 L.Ed.2d 843 (2002).
*1050 Here, the defense never contended the videotape was anything more than potentially helpful. It never alleged, let alone proved, that the sheriffs department or prosecution acted in bad faith. In fact, the defense never formally moved to dismiss or for any other sanction. All the court had before it were unproved assertions that the evidence might be helpful and that law enforcement had lost it by inadvertence. These circumstances did not justify dismissing the charges.
We reverse and remand with directions that the circuit court reinstate the charges against Thomas.
STRINGER and COVINGTON, JJ., concur.