DAVIS, Judge.
The State challenges the trial court’s order dismissing the charges against Patrick Rivers. Rivers had been charged with one count of DUI with serious bodily injury following a motorcycle crash involving Rivers and his friend, Morrie Yedor. The trial court dismissed the charges after concluding that the State’s loss of an audio recording that contained exculpatory material denied Rivers due process of law. We reverse.
After the accident, law enforcement took an oral statement from Yedor, which was later transcribed. The officer who took the statement reviewed the transcript and said it was an accurate transcription of Yedor’s statement. The bulk of Yedor’s statement refers to Rivers as the driver of the motorcycle and Yedor as the passenger. However, at the end of his statement, Yedor said: “I made a left turn and lost control of the motorcycle.” The audiotape of Yedor’s statement was subsequently lost, but the transcript was not. Because Yedor’s last statement would appear to exonerate Rivers, Rivers argued that the loss of the audiotape of Yedor’s statement violated Rivers’ right to due process. The trial court agreed with Rivers and granted his motion for discharge, citing Farrell v. State, 317 So.2d 142 (Fla. 1st DCA 1975).
The court in Farrell, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), held that any suppression by the prosecution of evidence that is material and favorable to the accused violates due process regardless of the good or bad faith of the prosecution. In Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), however, the Supreme Court added a wrinkle to the Brady rule. The Youngblood court distinguished between “potentially useful” evidence and evidence that is both material and directly exculpatory, holding that “unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.” Id. at 58,109 S.Ct. 333.
We believe that the lost audiotape here falls into the Youngblood category of potentially useful evidence due to the existence of the transcript of the tape. Even in the absence of the audiotape, Rivers had “ ‘alternative means of demonstrating [his] innocence.’ ” Id. at 56, 109 S.Ct. 333 (quoting California v. Trombetta, 467 U.S. 479, 490, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)).
The only prejudice to Rivers in not having the audiotape available would be his inability to present to the factfinder the sound of Yedor’s voice making the allegedly exculpatory statement. Because we believe the lost audiotape was only potentially useful, we conclude that the trial court erred in finding that the lost audiotape denied Rivers due process of law. Accordingly, we reverse Rivers’ discharge and remand for further proceedings.
ALTENBERND, C.J., and STRINGER, J., Concur.