873 So.2d 1282 (2004)
Jeffrey FELDER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1346.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of burglary of a conveyance and raises the issue of whether the court should have dismissed the information because the state failed to preserve evidence favorable to him. We affirm.
Appellant was discovered in a fenced area, walking out of a maintenance van carrying tools and tool boxes. Appellant's explanation was that his bicycle, which was at the scene, had a flat tire, and he was looking for something to inflate it.
After arresting appellant, the police took his bicycle as evidence to the station. Neither the tools nor the tool boxes were preserved as evidence or photographed.
*1283 The bicycle, after being placed in the evidence room, could not be found.
Appellant moved to dismiss the information on the ground that the officers lost, destroyed, or failed to preserve evidence, arguing he was denied due process. He asserted that the bicycle had a flat tire, which would have corroborated his explanation that he was merely seeking something to inflate it. He also argued that the tool boxes he was accused of taking were too large and heavy for him to have transported on his bicycle, and the officers should have retained or photographed them.
The loss of the bicycle was not a problem for the appellant because the state, in order to cure the problem created by its inability to locate it, stipulated that it had a flat tire. The issue, accordingly, is limited to whether the court erred in denying dismissal because the state failed to preserve the tools or the tool boxes. The officer who arrested defendant testified that the tools were large, but the defendant did not cross-examine him as to their size or weight.
There is no evidence that the loss or failure to preserve evidence in this case was due to bad faith on the part of the police. In order for there to be a denial of due process, where there is no bad faith, the lost evidence must be more than merely potentially useful to the defense. As the court explained in State v. Thomas, 826 So.2d 1048, 1049 (Fla. 2d DCA 2002):
The dismissal of a charge is the most severe sanction a court can impose for the destruction of evidence; it is to be used with the greatest caution and deliberation. State v. Westerman, 688 So.2d 979 (Fla. 2d DCA 1997). The suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material either to guilt or to punishment, regardless of the good faith or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But the loss or destruction of evidence that is only potentially useful to the defense violates due process only if the defendant can show bad faith on the part of the police or prosecution. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); King v. State, 808 So.2d 1237, 1242 (Fla.), cert. denied, 536 U.S. 962, 122 S.Ct. 2670, 153 L.Ed.2d 843 (2002).
At best, the tools and tool boxes would only have been potentially useful. Appellant's argument that it would have been obvious that they were too heavy for him to take away on his bicycle is undermined by the fact that appellant did not attempt to establish, through cross-examination of the officer, the size or weight of the items. The materiality of the tools and tool boxes is also highly questionable because of appellant's insistence that his bicycle had a flat tire, making it of little use for transporting anything. The trial court did not accordingly err in denying the motion to dismiss. Affirmed.
WARNER and GROSS, JJ., concur.