PER CURIAM.
 

 The appellant appeals the trial court’s order denying his Florida Rule of Criminal Procedure 3.850 motion as untimely filed. The appellant’s case became final on July 5, 2006, and thus the motion was due to be filed, in accordance with the rule’s two-year filing deadline, by July 5, 2008. However, July 5, 2008, was a Saturday. The appellant placed the motion into the hands of prison officials on Monday, July 7, 2008. The lower court denied the motion as untimely filed.
 

 The State, in response to this Court’s show cause order issued pursuant to
 
 Toler v. State,
 
 493 So.2d 489 (Fla. 1st DCA 1986), responded that the prison law library, which it asserts is responsible for accepting and mailing to the court postcon-viction motions, was closed July 4 through July 6, 2008. Thus, the State concedes that the appellant had until July 7, 2008, to place his motion into the hands of prison officials in order for the motion to be considered timely filed. As the appellant did just that, the motion was timely filed.
 
 See
 
 Fla. R.Crim. P. 3.040; Fla. R.Crim. P. 3.850(b);
 
 Haag v. State,
 
 591 So.2d 614 (FIa.1992) (analyzing and discussing the “mailbox rule”).
 

 We therefore reverse and remand the order for the trial court to address the merits of the appellant’s motion.
 

 REVERSED AND REMANDED.
 

 WEBSTER, DAVIS, and PADOVANO, JJ., concur.