CASANUEVA, Chief Judge.
 

 The State of Florida appeals an order dismissing its criminal ease against Luis Buitrago for trafficking in cocaine and conspiracy to traffic in cocaine due to a violation of
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In granting Mr. Buitrago’s motion to dismiss, the trial court found that the State had unintentionally lost or destroyed certain audio recordings which Mr. Buitrago claimed were exculpatory in nature. However, because there was no showing of bad faith and the evidence was not material but only potentially useful to the defense, the trial court erred by imposing too severe of a sanction for the State’s
 
 Brady
 
 violation. Therefore, we reverse the trial court’s order and remand for further proceedings.
 

 The State utilized a confidential informant (Cl) to arrange the purchase of one kilo of cocaine from an unnamed supplier through a middleman, Mr. Curry. The Cl and Mr. Curry spoke by telephone a number of times. During these calls, Mr. Curry referred to his supplier and “money man” as “my boy” and never by name. At the time and place of the scheduled exchange, Mr. Curry arrived in a car with Mr. Buitrago as his passenger. After the Cl, Mr. Curry, and a police sergeant acting as a dealer conducted the transaction, a bust team moved in and found money, cocaine, and other illicit items on Mr. Curry’s person. The police found nothing on Mr. Buitrago’s person. Mr. Curry alleged that Mr. Buitrago had supplied him with the money and cocaine. The State charged Mr. Buitrago with trafficking in and possession of cocaine.
 

 In his motion to dismiss, Mr. Buitrago argued that the Cl had recorded several of his telephone conversations with Mr. Curry and that the Cl had transferred the tapes to the Tampa Police Department. Sometime after this transfer the recordings disappeared and were no longer available. Mr. Buitrago argued that these tapes were exculpatory because his name was never mentioned in these calls and thus the tapes would prove that Mr. Curry acted alone. Notably, Mr. Buitrago did not argue any bad faith on the part of the government. The trial court ruled as follows:
 

 Well, in this case, it is clear from the testimony of Mr. McCarthy that he did record the co-defendant in this case, Mr. Curry. Again the crux of those phone calls — was no mention of the defendant in this case. That’s clearly exculpatory evidence. And under
 
 Brady
 
 and under
 
 [State v.] Powers,
 
 [555 So.2d 888 (Fla. 2d DCA 1990),] I’m going to grant the motion to dismiss.
 

 The trial court specifically found that there was no showing of bad faith.
 

 To establish a
 
 Brady
 
 violation, generally, “[t]he defendant must allege specific facts that, if accepted as true, establish a prima facie case that (1) the State possessed evidence favorable to the accused because it was either exculpatory or impeaching; (2) the State willfully or inadvertently suppressed the evidence; and (3) the defendant was prejudiced.”
 
 Allen v. State,
 
 854 So.2d 1255, 1259 (Fla.2003). The trial court determined that the recordings did exist and were inadvertently lost or destroyed by the police department
 
 *542
 
 without any bad faith. We see no reason to disturb these factual findings.
 
 See Way v. State,
 
 760 So.2d 903, 911 (Fla.2000) (holding that a trial court’s factual findings should be upheld if supported by competent, substantial evidence). And certainly, the loss of the tapes was prejudicial to Mr. Buitrago because the conversations on those tapes, as alleged by Mr. Buitrago, would tend to prove that he had no part in the charged offenses. Therefore, we find no error in the trial court’s ruling that the State had violated
 
 Brady.
 

 However, whether this due process violation was sufficiently severe to warrant dismissal of the case requires further consideration. As this court stated in
 
 State v. Thomas,
 
 826 So.2d 1048, 1049 (Fla. 2d DCA 2002):
 

 The dismissal of a charge is the most severe sanction a court can impose for the destruction of evidence; it is to be used with the greatest caution and deliberation.
 
 State v. Westerman,
 
 688 So.2d 979 (Fla. 2d DCA 1997). The suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material either to guilt or to punishment, regardless of the good faith or bad faith of the prosecution.
 
 Brady v. Maryland,
 
 373
 
 U.S. 83, 87, 83
 
 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But the loss or destruction of evidence that is only potentially useful to the defense violates due process only if the defendant can show bad faith on the part of the police or prosecution.
 
 Arizona v. Youngblood,
 
 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988);
 
 King v. State,
 
 808 So.2d 1237, 1242 (Fla.),
 
 cert. denied,
 
 536 U.S. 962, 122 S.Ct. 2670, 153 L.Ed.2d 843 (2002).
 

 (Parallel citations omitted);
 
 see also State v. Gomez,
 
 915 So.2d 698 (Fla. 3d DCA 2005) (holding that trial court erred in dismissing a case based upon a
 
 Brady
 
 violation when the destroyed evidence was only potentially useful and there was no evidence of bad faith).
 

 We conclude the tapes were potentially useful to the defense, but they were not exculpatory. The defense planned to introduce the tapes to prove that Mr. Bui-trago’s name was not mentioned in the conversations between the Cl and the co-defendant. The fact that his name was not mentioned in certain conversations could be helpful, but it is not a
 
 material
 
 fact that disproves the State’s theory of guilt. The State may possess other evidence that connects Mr. Buitrago to the sale of the drugs and to Mr. Curry, but that can only be determined if the State has the opportunity to present its case.
 

 Because the trial court erred in dismissing the case, we reverse the order of dismissal and remand with instructions that the trial court reinstate the charges against Mr. Buitrago.
 
 See Thomas,
 
 826 So.2d at 1050. On remand, the trial court may consider other remedies to cure any prejudice caused by the
 
 Brady
 
 violation.
 

 Reversed and remanded.
 

 VILLANTI and WALLACE, JJ., Concur.