PER CURIAM.
 

 In its response to this Court’s order issued pursuant to
 
 Toler v. State,
 
 493 So.2d 489 (Fla. 1st DCA 1986), the state has conceded that the appellant’s convictions for armed kidnapping, a life felony, and armed sexual battery, also a life felony, should not have been enhanced by the habitual felony offender statute.
 
 See Lamont v. State,
 
 610 So.2d 435 (Fla.1992);
 
 Carter v. State,
 
 786 So.2d 1173 (Fla.2001) (“We hold that a habitual offender sentence, which is solely a creature of statute, is illegal where the habitual offender statute in effect at the time of the offense prohibited the imposition of a habitual offender sentence”) and noting that “improper habitualization may have collateral consequences that could ultimately increase the length of [a defendant’s] sentence” (citing
 
 Ashley v. State,
 
 614 So.2d 486, 489 (Fla.1993)).
 

 We therefore reverse and remand the order on appeal for the trial court to strike
 
 *123
 
 the habitual felony offender enhancement of the appellant’s convictions for armed kidnapping and armed sexual battery. The habitual felony offender enhancement of the appellant’s conviction for armed robbery, a first-degree felony punishable by life, need not be stricken.
 
 See Burdick v. State,
 
 594 So.2d 267 (Fla.1992).
 

 REVERSED AND REMANDED with directions.
 

 WOLF, PADOVANO, and MARSTILLER, JJ„ concur.