PER CURIAM.
We affirm the orders denying Appellant’s motion for postconviction relief under Florida Rule of Criminal Procedure *367 3.850 without discussion. Nevertheless, we write to remind the State that briefing is required in appeals from non-summary denials (i.e., denials after evidentiary hearing) of rule 3.850 motions, and that Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), does not operate in such cases to give the State another opportunity to be heard when it fails to file a brief.
In the instant ease, the State filed a “Notice that State Will Not File Answer Brief’ which we quote in full:
This is an appeal from a post-conviction motion with an evidentiary hearing on one of nine issues. Due to time constraints and case load demands in other cases, the State respectfully declines to file an Answer Brief. However, the State references this Court to the trial court’s Order Directing Response and Denying in Part Defendant’s Motion for Post-Conviction Relief rendered October 12, 2010, and the trial court’s Order Denying Ground Six of Defendant’s Motion for Post-Conviction Relief rendered August 16, 2011.
The State also references this Court to Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.”), and Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (a trial court’s “ruling will be upheld if there is any theory or principle of law in the record which -will support the ruling.”).
If this Court finds reason to reverse and seeks the State’s views on that issue, the State would be willing to address any specific issues that this Court determines appear to merit reversal. Cf. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986) (allowing the State an opportunity to address any specific reversible issues on a summary denial of a post-conviction motion).
(record citations omitted).
Under the appellate rules, briefs are not required in appeals from summary grants or denials of postconviction motions, but they are required when there has been an evidentiary hearing. Florida Rule of Appellate Procedure 9.141 provides, in pertinent part:
(b) Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853
[[Image here]]
(2) Summary Grant or Denial of Motion Without Evidentiary Hearing.
[[Image here]]
(C) No briefs or oral argument shall be required, but any appellant’s brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling.
[[Image here]]
(3) Grant or Denial of Motion after Evidentiary Hearing.
[[Image here]]
(C) Briefs. Initial briefs shall be served within 30 days of service of the record or its index. Additional briefs shall be served as prescribed by rule 9.210.
Toler, cited as authority for the State’s notice, applies only to appeals involving summary rulings where briefing is not required. If, upon reviewing the record in such cases, a basis for reversal appears, this Court issues a Toler order directing the State to brief the particular issue(s). “The policy rationale for issuing Toler orders is stronger in cases involving only summarily denied claims ... because the [S]tate is not required to file a brief in *368 cases involving only summarily denied claims whereas briefing is required in cases that also involve claims denied after an evidentiary hearing.” Williams v. State, 24 So.3d 1252, 1252 n. 1 (Fla. 1st DCA 2009). Because one of the claims at issue in this appeal was denied after evi-dentiary hearing, the State should have briefed that issue. The notice advising this Court that the State will not file an answer brief, unless requested to do so pursuant to Toler, is therefore improper. See Pennington v. State, 34 So.3d 151, 153 n. 1 (Fla. 1st DCA 2010).
We are neither unmindful of nor unsympathetic to the workload demands on the Criminal Appeals Division of the Attorney General’s Office. But if those demands lead the State to waive filing a brief in these non-summary postconviction appeals, it is not entitled under Toler to a second opportunity to be heard. See, e.g., Pennington, 34 So.3d 151 (reversing order denying motion for postconviction relief after evidentiary hearing without benefit of argument from the State).
AFFIRMED.
VAN NORTWICK, ROBERTS, and MARSTILLER, JJ., concur.