OPINION ON MOTION FOR REHEARING
MAKAR, J.
The State’s motion for rehearing does not challenge our holding that reversal of the defendants’ convictions is required because of the unconstitutional search of their home. Instead the State raises two points of appellate practice, one requiring little discussion, the other more elaboration.
The State’s motion begins by saying our opinion should be clarified because it “implies that the Appellee has to preserve claims” in the trial court. (Triple emphasis in original). The State is correct as to this introductory point of law: State v. Hankerson, 65 So.3d 502, 505 (Fla.2011) (“[T]he reviewing court may not preclude an appellee from raising an alternative basis to support the trial court’s ruling solely because the argument was not preserved.”).[1] To the extent our opinion can be read to the contrary, we clarify that it should not be.
But the State’s motion insists upon much more. The State claims we are required under the tipsy coachman doctrine to consider an issue, such as its “closely-associated” with the front door theory, raised for the first time at oral argument. The doctrine is a “longstanding principle of appellate law [that] allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons’ so long as ‘there is any basis which would support the judgment in the record.’ ” Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (citing Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-15 (Fla.1999)); see also Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979). We find no merit in the State’s claim for a number of reasons.
First, a foundational principle of appellate review is that “if a claim is not raised in the trial court, it will not be considered on appeal.” Robertson, 829 So.2d at 906 (citing Radio Station WQBA, 731 So.2d at 644). This bedrock principle is a general one that has limited exceptions. For example, “[notwithstanding this principle ‘[i]n some circumstances, even though a trial court’s ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling.’ ” Robertson, 829 So.2d at 906 (quoting Radio Station WQBA, 731 So.2d at 644). The Florida Supreme Court in Robertson italicized the phrase “in the record” from Radio Station WQBA to emphasize that an appellee may invoke the tipsy coachman doctrine if its legal arguments are supported by the record. 731 So.2d at 645; see Robertson, 829 So.2d at 906-07 (“The key to the application of this doctrine of appellate efficiency is that there must have been support for the alternative theory or principle of law in the record before the trial court.”); see also Padova-no, Florida Appellate Practice 343 (2011 ed.) (the “record must support the alternative theory that would be used to justify the order.”). This principle can extend to situations where a record exists, but factual findings necessary for application of the doctrine were not made. See Bueno v. *591 Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009) (tipsy coachman rule inapplicable “where a lower court has not made factual findings on an issue”).
Here, not only was the “closely-associated” argument not made or developed below, nothing in the record supports it: no testimony on the topic was offered, no photos of the window or door were entered in evidence, no documents were presented that addressed the matter, and the trial court made no factual findings on the issue. Indeed, the State points us to no case that has ever addressed such an issue. As such, this case is a poor vehicle for the State’s argument that the tipsy coachman doctrine should apply to the new issue it raised at oral argument.
That said, although first principles dictate that we ought not consider arguments outside the scope of the briefing process, here we chose to very briefly discuss the issue the State first raised at oral argument, saying we could envision situations where a window configuration might be incorporated into a door’s design and become relevant under privacy analysis; but we were not required to do so. The State suggests we were, directing us to four[2] cases in which it says panels of this Court over the past forty years have addressed issues raised for the first time at oral argument[3] (typically dismissing them as meritless).[4] That a panel chooses to discuss an issue raised for the first time at oral argument is a far cry from a duty that it must do so. Exceptions do not make the rule. The tipsy coachman doctrine allows appellate courts to consider grounds for affirmance if the record supports doing so; it does not compel them to overlook deficient records and blaze new trails that even the tipsiest of coachmen could not have traversed.
Basic principles of due process suggest that courts should not consider issues raised for the first time at oral argument. Doing so deprives appellants of the opportunity to have responded to the arguments in their reply briefs, and unfairly limits their ability to do so in the fleeting minutes of their reply arguments. As Judge Posner has noted, “it would not be quite cricket” for an appellate court to decide a case on a new issue raised for the first time at oral argument because, among other reasons, appellees might be “lulled into thinking” the appellants are “fighting the claim on other grounds.” Principal Mut. Life Ins. Co. v. Charter Barclay Hosp., Inc., 81 F.3d 53, 56 (7th Cir.1996). Allowing the practice of raising new issues at oral argument could create an incentive for litigants to do so. From a strategic standpoint, why would appellees not raise new issues during oral arguments if doing so forces appellants to use their scarce reply time (typically only a few minutes) to respond, dissipating or even eliminating the allocated time to discuss the actual issues raised in the briefing process? Profession *592 alism dictates to the contrary, but it happens.
As an ancillary justification for its position, the State points out that appellate courts sometimes affirm decisions where the State has waived its right to file an answer brief. The inference to be drawn is that appellate courts must shoulder the work of appellees that fail to brief issues (or raise new issues at oral argument). In support of this claim, the State cites two cases, neither of which advances its cause. First, the criminal case it cites involves an instance of this Court criticizing the State for filing a waiver of its answer brief when the brief was required. Warren v. State, 95 So.3d 366 (Fla. 1st DCA 2012). The panel’s first sentence in Warren summarily affirmed the case, but the remainder of the opinion was devoted to reminding the State of its obligation to file such briefs. Id. at 367-68. Of importance here, the panel stated that if the State chose to waive its filing of an answer brief, it forfeited its opportunity to be heard in the class of post-conviction cases at issue. 95 So.3d at 368. Our reading of Warren, rather than supporting the State’s position, suggests the contrary: when the State waives its right to file an answer brief it loses its advocational advantage.
Second, the State cites Bank of Central Florida v. Department of Banking & Finance, 470 So.2d 742 (Fla. 1st DCA 1985), a civil case that is easily distinguishable and therefore unhelpful. Unlike this case, Bank of Central Florida involved multiple appellees, one of which — the Florida Department of Banking and Finance — chose not to file a brief of its own, which happens with some degree of regularity in state governmental practice.[5] This Court affirmed without a brief from the Department, but it had the benefit of advocacy from the non-governmental appellees. Thus, Bank of Central Florida has no relevance to the State’s argument made here that courts must consider issues not raised, briefed or asserted on appeal.
On a broader point, that an appellate court may choose to issue an affirmance in a case where the State does not file a brief does not make the judicial practice of doing so compulsory; affirmance may be warranted for any number of reasons unrelated to a tipsy coachman analysis (failure to preserve an issue for review being the prime example). Courts issue per cu-riam affirmances with regularity without briefing from appellees; no one suggests that doing so supports a compulsory judicial duty to do the work of the absent appellees. Imposition of such a broad duty would come close to requiring the judiciary to act as an advocate for appel-lees who choose not to provide briefs, argument, or other advocacy. It would also tread closely to separation of powers concerns where executive branch actors (such as the State) are involved.
We think the better approach — and one that other jurisdictions embrace[6] — is to *593 look askance at the practice of presenting new grounds for affirmance for the first time at oral argument. For example, the Third District refused to allow the tipsy coachman doctrine to apply in such situations. E.K. v. Dep’t of Children & Family Servs., 948 So.2d 54, 57 (Fla. 3d DCA 2007) (“[the appellee’s] primary ground for affir-mance was not known either to us or opposing counsel until articulated during oral argument. We are unwilling to allow [the appellee] to invoke the [tipsy coachman] doctrine under these circumstances.”). As that court noted, the tipsy coachman doctrine “does not rescue parties from their own inattention to important legal detail.” Id.
In conclusion, we clarify our opinion in part, but reject the broader claim that an appellate court must consider issues the State as appellee raises for the first time at oral argument. We stop short of saying never. Rare or unusual instances may arise where an appellate court chooses to consider an argument made for the first time on appeal by an appellee, perhaps because the appellant conceded the issue, because the court allowed for post-argument briefing on the matter, and so on. But we find no basis for recognizing an inflexible principle that a court must do so. We fully recognize our obligation to ensure that justice is served by careful review of each case that comes before us; but this obligation does not relieve the State, or any other litigant, from the orderly administration of justice that disfavors raising new issues at oral argument. Based on the foregoing, the State’s motion for rehearing is granted in part and denied in part.
LEWIS, C.J., and THOMAS, J. concur.

. Hankerson appears to have overruled past practices where appellate courts declined to review issues that appellees had not preserved. See, e.g., Martin v. Town of Palm Beach, 643 So.2d 112, 114 (Fla. 4th DCA 1994) (court declined to rule on issue because town "did not raise this matter in a cross-appeal or in its appellate brief" it "failed to properly preserve this issue for appellate review”).

. Though not plentiful, others exist. See, e.g., Graney v. Caduceus Props., LLC, 91 So.3d 220, 224 (Fla. 1st DCA 2012) (dismissing as "refuted by the record” an issue first raised at oral argument but not addressed in answer brief).

. In two of the cases, it is unclear whether the issue was raised for the first time at oral argument only. Glendale Fed. Sav. & Loan v. State Dep’t of Ins., 485 So.2d 1321 (Fla. 1st DCA 1986) (issue argued at oral argument, but no indication whether it was raised there for the first time); Williams v. Peninsular Life Ins. Co., 306 So.2d 144 (Fla. 1st DCA 1975) (unbriefed issue raised at oral argument and by notice of intention to rely on a cited case).

. McCoy v. State, 639 So.2d 163, 167 (Fla. 1st DCA 1994) (rejecting State’s argument); Keyes v. Tallahassee Mem'l Reg'l Med. Ctr., 579 So.2d 201, 204 n. 5 (Fla. 1st DCA 1991) (argument deemed meritless).

. In multiple-appellee cases, a governmental entity may decide that filing a brief is wasteful/duplicative if another appellee plans to file a brief that will adequately address the relevant issues on appeal; likewise, if a governmental entity decides to file a brief, other appellees may decide to forego briefing for similar reasons.

. See generally 5 Am.Jur.2d Appellate Review § 542 (2013):
On the theory that points which have not been briefed are waived, abandoned or forfeited, a party is not allowed to raise at oral argument a new issue for review on appeal, and an appellate court need not consider an issue that is raised in oral argument and has not been briefed. There is also the consideration of fairness, since raising a new issue at oral argument deprives the other party of the opportunity to respond in its brief. Counsel should therefore fully *593 disclose their positions in their briefs before oral argument.
(footnotes omitted). See also 5 C.J.S. Appeal & Error § 789 (2013):
Generally, an appellate court will not consider issues raised for the first time at oral argument and not contained in the appellate brief. On the other hand, it has also been held that although an appellate court is not required to allow the parties an opportunity to address a point that was not originally raised by them, the appellate court may do so where it is satisfied that the only fair way to conduct judicial business is to either order a supplemental briefing or alert the parties to the issue prior to oral argument.
(Footnotes omitted); 2A Fed. Proc., Laws. Ed. Appeal, Certiorari, and Review § 3.750 (2013) ("Moreover, a court of appeals need not consider an issue raised in oral argument which has not been briefed, on the theory that points which have not been briefed are waived.”) (footnotes omitted) (discussing how federal appeals courts approach the issue).