PER CURIAM.
Donnie Berry appeals the summary denial of an eight-ground motion for postcon-viction relief alleging ineffective assistance of counsel in the proceedings leading to his convictions for two counts of robbery with a firearm and one count of resisting an officer without violence. Based on our own careful review of Berry’s arguments, we hold that Berry has established reversible error with respect to two grounds.[1] We reverse and remand for either an evi-dentiary hearing or attachment of portions of the record conclusively refuting Berry’s claims that counsel rendered ineffective assistance (1) in failing to move to suppress a victim’s identifications of Berry after an unduly suggestive identification procedure, as argued in ground II of the *224 motion, and (2) in failing to raise a Brady[2] issue due to the State’s failure to collect and preserve certain evidence, as argued in ground Y. In all other respects, we affirm.
When considering ground II on remand, the trial court should apply the non-exhaustive list of factors provided in Simmons v. State, 934 So.2d 1100, 1118 (Fla.2006) (quoting Grant v. State, 390 So.2d 341, 343 (Fla.1980)), and Edwards v. State, 538 So.2d 440, 442 (Fla.1989). The court’s order references these factors but fails to apply them to all the relevant allegations in Berry’s motion, which the court was required to accept as true absent either conclusive refutation by the record or an evidentiary hearing. See Freeman v. State, 761 So.2d 1055,1061 (Fla.2000).
As to ground V, Berry’s allegations indicate that the perpetrator’s shirt was in the State’s constructive custody, that it was potentially useful to his defense, and that its destruction or loss was caused by bad faith on the part of law enforcement. If these allegations are all true, which we must assume based on the case’s current posture, Berry is entitled to relief. See State v. Buitrago, 39 So.3d 540, 541 (Fla. 2d DCA 2010) (quoting State v. Thomas, 826 So.2d 1048, 1049 (Fla. 2d DCA 2002)).
AFFIRMED in part; REVERSED in part; and REMANDED.
THOMAS, RAY, and SWANSON, JJ„ concur.

. We ordered the State to show cause why we should not reverse on four of the grounds but ultimately decided to affirm on two of them. See Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). Merely quoting the trial court’s reasoning, which was already in the record, and citing familiar standards of review, the State’s response to the Toler order did not facilitate our consideration of the issues. We take this opportunity to note that when this Court issues a Toler order, it is because the trial court’s reasoning does not readily resolve our concerns about a particular issue and express adversarial testing of the issue would serve the interests of justice.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).