NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                        )
                                         )
          Appellant,                     )
                                         )
v.                                       )    Case No. 2D15-597
                                         )
MICHELLE DAWN LAMBO,                     )
                                         )
          Appellee.                      )
                                         )
_____ )

Opinion filed June 1, 2016.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellant.

Frank de la Grana and Scott Boardman,
Tampa; and Kenneth S. Siegel, Tampa,
for Appellee.


BLACK, Judge.

          The State challenges the trial court's order dismissing the information

charging Michelle Lambo with leaving the scene of a crash with injury.  The trial court

determined that Lambo's due process rights were violated by law enforcement's failure to preserve evidence. We reverse and remand.

Lambo filed a motion to dismiss, or in the alternative a motion in limine, alleging that law enforcement lost or destroyed materially exculpatory evidence. Specifically, Lambo claimed that witnesses to the crash had been shown two photo packs, both of which contained photos of Lambo, and none of the witnesses were able to identify Lambo. Those photo packs have since been lost or destroyed. Lambo claimed the photo packs are materially exculpatory evidence. She requested that the court dismiss the information or alternatively enter an order preventing the State from adducing any evidence or testimony regarding the specific contents of either of those photo packs and limiting the questioning of each witness who viewed those photo packs to whether photo packs were shown to them and whether the witnesses identified Lambo. Lambo did not allege that the photo packs were lost or destroyed in bad faith.

At the hearing on Lambo's motion, the parties stipulated that two photo packs were produced and shown to at least two witnesses, that both photo packs contained a photo of Lambo, and that the witnesses did not identify Lambo as the suspect. In granting the motion to dismiss, the trial court found that the witnesses' inability to identify Lambo would be significant to the defense where the evidence against Lambo is wholly circumstantial and that an inability at trial to show the jurors the photo or photos of Lambo that the witnesses were shown would violate Lambo's due process rights based upon the totality of the circumstances in this case.

We review an order granting a defendant's motion to dismiss de novo. State v. Bennett, 111 So. 3d 943, 944 (Fla. 2d DCA 2013). "The dismissal of a charge

is the most severe sanction a court can impose for the destruction of evidence; it is to be used with the greatest caution and deliberation."  State v. Thomas, 826 So. 2d 1048, 1049 (Fla. 2d DCA 2002).  If evidence is materially exculpatory law enforcement has a duty to preserve it and the failure to do so constitutes a due process violation.  Bennett, 111 So. 3d at 944 (citing California v. Trombetta, 467 U.S. 479, 488 (1984)).  Materially exculpatory evidence is evidence which "might be expected to play a significant role in the suspect's defense"; it is evidence "having 'constitutional materiality,' in that it possesse[s] 'an exculpatory value that was apparent before the evidence was destroyed' and [is] 'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.' "  Bennett, 111 So. 3d at 944-45 (quoting Trombetta, 467 U.S. at 489).

Conversely, where the lost or destroyed evidence is only potentially useful to a defendant—"posing only some likelihood of exonerating a defendant"—the defendant must establish bad faith on the part of law enforcement in order to succeed on a motion to dismiss.  Id. at 945; see also Yero v. State, 138 So. 3d 1179, 1182 (Fla. 3d DCA 2014).

Here, the photo packs themselves are not the exculpatory evidence.  It is the testimony of the witnesses that is critical.  That is, without the witnesses' testimony the photo packs hold little evidentiary value and are only potentially useful to the defense.  See Bennett, 111 So. 3d at 945 ("It is undisputed that the video showed the altercation between Bennett and Barron, but it is also undisputed that at least three people other than the two participants also witnessed it.  Thus the defense can obtain evidence comparable to the video in the form of the eyewitnesses' testimony.  That

being so, the unavailable video did not rise to the level of constitutionally material evidence."); State v. Rivers, 837 So. 2d 594, 595 (Fla. 2d DCA 2003) (reversing dismissal where a lost audiotape was only "potentially useful evidence due to the existence of the transcript of the tape" because "in the absence of the audiotape, Rivers had 'alternative means of demonstrating [his] innocence.' " (quoting Arizona v. Youngblood, 488 U.S. 51, 56 (1988))).

Accordingly, we reverse and remand with instructions to reinstate the charges.

KELLY and SALARIO, JJ., Concur.